## ST. LOUIS UNION TRUST CO., Appellant, v. T. J. MERRITT et al., Respondents.

St. Louis Court of Appeals.  Argued and Submitted June 8, 1911. Opinion Filed June 30, 1911.

1. **APPELLATE PRACTICE: Objection to Judgment: Motion in Arrest.** Errors of record can be reached only by a motion in arrest of judgment, and in the absence of such a motion an objection to the form of a judgment is not open to review.

2. **JURISDICTION: Circuit Courts: Appeals from Justices' Courts.** In an appeal from a justice's court to the circuit court, the jurisdiction of the latter court is derivative, and hence unless the justice had jurisdiction over the person and subject matter, the circuit court acquires none on appeal.

3. **JUSTICES' COURTS: Certification of Cause to Circuit Court: Procedure: Pleading.** Section 7460, Revised Statutes 1909, providing that, where cases are certified to the circuit court from justices of the peace because title to real estate is put in issue, the circuit court shall proceed with the cause certified without regard to the amount in controversy as if the cause had originally been commenced in that court, requires that, when a cause is so certified, it is to be proceeded with in the circuit

Union Trust Co. v. Merritt.

court on and under such pleadings as in cases originating in that court.

*Held*, by NORTONI, J., dissenting, that the proceedings in the circuit court are the same, whether that court obtained its jurisdiction by appeal or on a certificate by the justice.

*Held*, by CAULFIELD, J., dissenting, that a decision on this point is not necessary in the case.

4. **APPELLATE PRACTICE: Theory at Trial: Pleading: Replevin.** Where the affidavit filed for removing a case from a justice's court to the circuit court in replevin to recover logs, on the ground that title to realty was involved, was treated by the parties at the trial in the circuit court as a claim by defendant, by way of answer, to the logs in controversy and a demand for their possession, and a default was not asked for lack of answer, and no motion in arrest of judgment on that ground was filed, plaintiff cannot first object on appeal that there was no written answer filed in the circuit court.

5. **TRIAL PRACTICE: Demurrer to Evidence: Oral Demurrer.** Where a case is tried by the court, a demurrer to the evidence may be made orally.

6. **INSTRUCTIONS: Trial by Court.** Instructions must be in writing, but none need be given when the trial is before the court without a jury.

7. **APPELLATE PRACTICE: Review: Necessity of Objecting in Trial Court.** An assignment of error that a demurrer to the evidence was made orally will not be sustained, where the appellant did not object in the trial court to the demurrer being interposed orally nor make any demand that it be reduced to writing.

8. **————: Review: Excluding Evidence: No Reason Assigned for Ruling.** The court's action in excluding evidence without assigning grounds will be sustained, if based on any legal ground.

9. **DEPOSITIONS: Admissibility.** A deposition of one of the defendants who was a resident of the county where the trial was had, which was not offered as an admission, was properly excluded, where no reason was shown for the deponent's non-appearance as a witness.

10. **TRIAL PRACTICE: Appellate Practice: Admission of Evidence: Reopening Case: Replevin.** In an action to recover logs claimed to have been cut on plaintiff's land, plaintiff offered in evidence a deposition of one of the defendants, after it had closed its case and the court had sustained a demurrer to the

evidence. The court refused to reopen the case to permit the deposition to be introduced in evidence. Deponent had testified in the deposition that the logs in controversy were cut on land in her possession and held by her as a homesteader and doweress. *Held*, that the trial court did not abuse its discretion in refusing to reopen the case, since the deposition would not have aided plaintiff in establishing its case.

11. **REPLEVIN: Form of Judgment.** In an action to recover logs cut from land, the judgment recited that plaintiff, at the time of the institution of the suit, "was not and is not now entitled to the possession of the property sued for," and that judgment be for defendant and against plaintiff and the sureties on his replevin bond, and that plaintiff return the property to defendants, together with their costs and charges. *Held*, that, as neither party offered any evidence as to the value of the property, the judgment was sufficient under the statute, though it did not find the value of the property nor assess damages for its detention; these being matters for the benefit of defendant, of which plaintiff had no right to complain.

Appeal from Pemiscot Circuit Court.— *Hon. Henry C. Riley*, Judge.

AFFIRMED.

*Ely, Kelso & Miller* for appellant.

(1) This cause was certified and all papers transmitted by the justice to the circuit court of Pemiscot county upon the affidavit of respondent that the title to real estate was involved in the suit, and under the statutes this cause, when so certified to the circuit court, was then controlled by the statute regulating the practice in circuit courts. R. S. 1909; secs. 7460, 7778; McLain v. Berkebile, 123 Mo. App. 647. (2) If we supply this reasoning and the principles laid down in all of the cases dealing with replevin suits to the case at bar, we fail to see any reason or any excuse for the judgment entered in this case, for it certainly would be inequitable to allow the defendants, respondents in this case, to agree and give directions as to the disposition of the property in controversy, receive the proceeds arising from the sale of the timber

in controversy, retain what they have received from the property, and then have judgment for the return of the whole of the property which they, the respondents, have agreed should be sold, and had received the moneys arising from said sale. The statute is certainly intended to make a complete and satisfactory judgment of all the rights of the parties in the action, which has certainly not been done in this case. R. S. 1909; secs. 7778, 7779; Boutell v. Warne, 62 Mo. 350; Cartmell Mach. Co. v. Sikes, 83 Mo. App. 565. (3) When the case was transmitted to the circuit court, if respondents desired to claim the property, it was incumbent upon them to file an answer setting up a claim to the property and demanding the return thereof, for the court has held that in an action of replevin in the justice court where the defendant failed to file an answer he was not entitled to affirmative relief, and the issue to be tried was the wrongful detention of the property of the defendant and a lien upon the replevined cattle for damage feasant would show a rightful detention and defeat the plaintiff's action and a general verdict would be sufficient, but would only carry the costs. McLain v. Berkebile, 123 Mo. App. 647.

*Ward & Collins* for respondents.

(1) We put plaintiff's title in issue in this case by filing in the justice of the peace court the pleading and affidavit required by section 7460, R. S. 1909; and at no time did the appellant object to the sufficiency of that pleading; and at no time during the trial court made any suggestion or pretense of the insufficiency of our pleading, but undertook to prove his title and make out a case and failed. The appellant nowhere showed that he ever was in possession of the timber in controversy or of the land on which it grew besides what is said before, "the defendant's appearance in replevin in the justice court puts in

issue the plaintiff's title and requires plaintiff to show his title to the property involved." Stone v. McNeely, 59 Mo. App. 396; Scott v. Riley, 49 Mo. App. 251; Gartside v. Nixon, 43 Mo. 138; Gray v. Parker, 38 Mo. 160. (2) Plaintiff made no objection to this finding of the court and this judgment in its motion for a new trial, and if there is any defect, plaintiff waived it. Because the error complained of was not raised in the motion for a new trial, it cannot be considered on an appeal. Taylor v. Brotherhood, 106 Mo. App. 212; Scudder v. Payton, 65 Mo. App. 314; Piano Co. v. Gibbons, 96 Mo. App. 218. This is an attack upon a judgment that cannot be made here, because not brought to the attention of the trial court by a motion in arrest. Hurt v. Hahn, 61 Mo. 496. (3) Under the statute this was the only judgment that could be rendered; plaintiff had no title; it was put out on demurrer; it had failed to show the value of the stuff replevined; no agreement that the defendant should accept the value of the property brought; no agreement showing that a judgment should be rendered for the amount of the money turned over by J. T. Warren to plaintiff. The law requires the judgment to be the return of the property replevined or the value therein at the discretion of the defendant; no value was shown of the timber; therefore, the judgment must be for the return of the property.

REYNOLDS, P. J.—Plaintiff commenced this action before a justice of the peace of the proper township of Pemiscot county, to recover possession of 30,000 feet of saw logs, plaintiff filing a bond with sureties, as provided by law. The logs were taken out of the possession of defendants by the constable and delivered over to plaintiff. On the return day of the summons, defendants appeared and filed their affidavit under oath, to the effect that the logs replevied

were cut off of a certain fractional quarter of land in the township, and "that the title to real estate is involved in this cause of action and the possession and ownership of said timber." Whereupon the justice certified the case into the circuit court of Pemiscot county, as provided by section 7460, Revised Statutes 1909. The case being called for trial in the circuit court on its being certified to that court, on trial before the court, a jury being waived, there was evidence tending to show that at and about the time of the transfer of the cause to the circuit court, and on the day the above affidavit was filed, an arrangement had been entered into between the parties to the suit for the handling of these logs and timber that had been replevied, under which the timber in controversy was to be turned over to one Warren, with the understanding that it should be shipped to and sold by Warren, "and that after Warren got the money for it he was to pay defendant Merritt the expense of cutting and hauling the timber, and the balance of the money should be sent to the Trust Company, appellant herein, to be held by it until the determination of this suit, and pay to the party found to be entitled to the stumpage all the balance of the money remaining in the hands of said J. T. Warren or appellant." It further appeared in evidence that "under this agreement Warren took the timber in controversy, paid Merritt all the money received therefor, except $123.15, and all the money arising from the sale of the timber was paid out under an agreement by all the parties." We take the above matter in quotation marks from the statement of counsel for appellant. It is proper to say that defendants, by testimony brought out by them in cross-examination of Mr. Warren, claim that the timber coming off of the particular fractional quarter section occupied by Mrs. Campbell was not covered by this agreement and that the agreement did not release or affect her claim to that timber, or fix its value. There was also evidence

tending to show that Mrs. Campbell, one of the defend-, ants, resided on the northeast fractional quarter of section 26, township 20, range 11 east, in Pemiscot county; that the timber in controversy was cut on this fractional quarter and did not come off of lot No. 1 in that quarter, which was the land claimed by appellant; that the timber had been cut by defendant Merritt under an arrangement between him and Mrs. Campbell. Plaintiff also offered in evidence a certified copy of the record of a patent from Pemiscot county to plaintiff, conveying lot No. 1 of this northeast quarter. It was claimed and in evidence that lot No. 1 and the fractional quarter which Mrs. Campbell claimed, were not the same tracts. It was also in evidence that Mrs. Campbell had been living on this fractional quarter for 15 years, attending and cultivating it, clearing part and getting firewood and timber on the other part, and that prior to her living there the parties under whom she claimed had done these same acts for a number of years. It was also in evidence that by the agreement above referred to, which appears to have been merely verbal and not in writing, it was stipulated that the parties would litigate the right to the timber in the courts, that, as we understand, referring to this present action.

At the close of this testimony on behalf of plaintiff, defendants interposed a demurrer, *ore tenus*, which the court sustained. Plaintiff thereupon asked leave to offer a deposition of the defendant Mrs. Campbell which the court refused to allow. That deposition was on file in the case and had been taken by defendants. It is in the abstract. In that deposition Mrs. Campbell testified that the timber in controversy was hers; that it came off of land she was in possession of as a homestead and as doweress of her husband; that the particular piece of land off of which the timber came is a part of a farm on which she now lives and on which she had lived ever since her husband's death. She

and her husband had moved on to it in 1885 and were living on it when he died, eight years prior to her deposition. They had a deed to the land and went into possession, claiming it as their own under the deed and had lived on it, claiming to own it ever since 1885. Her husband had bought it from one Rowe, who had bought it from one Walker, who had homesteaded it under the United States land laws. The claim all lies in one body and is all included in one deed.

After sustaining the demurrer and declining to allow plaintiff to introduce this deposition in evidence, the court entered up judgment as follows (after reciting the fact of the trial and that it had been submitted to the court by agreement of parties, without a jury, and the fact of the interposition of the demurrer to the testimony and its being sustained):

"It is therefore considered and adjudged by the court that the plaintiff was at the time of institution of this suit and is now not entitled to the possession of the property sued for by plaintiff, to-wit: 3 sycamore logs, 25 cypress logs, 48 red gum logs, 29 elm logs, 20 cottonwood logs, and 20 ranks of ash stave bolts and that judgment be for the defendants, and against the plaintiff and against Otto Kochtitzky and J. T. Warren, sureties in the replevin bond filed by the plaintiff herein for the above described property; and it is hereby adjudged that plaintiff return to defendants the said property taken by plaintiff together with their costs and charges in this behalf expended and that they have thereof execution against plaintiff and its said securities."

In due time plaintiff interposed its motion for a new trial and that being overruled perfected appeal to this court. The motion for new trial alleges as grounds that the verdict and decision of the court is against the evidence and the weight thereof, against the law as applied to the evidence; that the court excluded competent, relevant and material evidence

offered by plaintiff and erred in refusing to permit plaintiff to offer in evidence the deposition of Mrs. Campbell, and that the court erred in sustaining the demurrer to the evidence at the close of plaintiff's testimony. No motion in arrest of judgment was filed.

In this court ten assignments of error are made: First and second, that the verdict is against the evidence, the weight of the evidence and the law as applied to the evidence; third and fourth, error in excluding the deposition of Mrs. Campbell; fifth, in sustaining the oral demurrer to the evidence at the close of plaintiff's testimony; sixth, error in ignoring the agreement between appellant and respondents in rendering the judgment in this case; seventh, the judgment entered is in violation of the contract and contrary to the statute; eighth, error in overruling motion for a new trial; ninth, the judgment and finding is not supported by equity and is against the evidence and in violation of the statute controlling judgments in replevin suits; tenth, under the evidence in the case the judgment should have been for appellant and that entered is in conflict with the evidence and with the law and in conflict with the equity of the case.

Without noticing the assignments of error in detail, it is to be remembered that the only motion interposed was a motion for new trial, a motion in arrest not having been filed. The motion for a new trial does not go to errors of record; those are to be reached by motion in arrest, so that the form of the judgment is not open to review.

It is apparent from the statement of facts which we have made, that there was no answer interposed by defendants nor any formal pleading of any kind by them, unless the affidavit for certification to the circuit court, and which we have set out in its substantial parts, is to be so held, as is argued by counsel for respondents. This court, in the case of Cartmell Machine Co. v. Sikes, 83 Mo. App. 565, held that the

record proper in the case disclosed a fatal defect in the judgment, in that despite the fact that the defendant in error had failed to claim a certain machine taken under the writ and to demand the return thereof, the trial court had adjudged the right to its possession to be vested in him, and this court held that error to be well assigned to this. That was an action in replevin under the statute, instituted in the circuit court. In the case at bar the action was instituted before a justice of the peace and certified to the circuit court under the provisions of section 7460, Revised Statutes 1909, as we have before noted. That section provides, among other things, that when the title to real estate shall be put in issue by any pleading verified by the oath or affidavit of the defendant, the justice shall certify such cause to the circuit court of his county, "and said cause shall be docketed, and said court shall be possessed of said cause, and proceed therewith without regard to the amount in controversy, or any error in the decision of the justice in certifying said cause to said court, as if originally commenced therein." Comparing this language with that used in section 7579, governing appeals from justices' courts, a marked difference is apparent, as it seems to me. Section 7579 provides that upon the return of the papers by the justice into the office of the clerk of the circuit court, "the court shall be possessed of the cause, and shall proceed to hear, try and determine the same anew; without regarding any error, defect or other imperfection in the original summons or the service thereof, or on the trial, judgment or other proceedings of the justice or constable in relation to the cause."

It has been many times decided by our Supreme and appellate courts, that in appeals from justices of the peace to the circuit court, the power of the circuit court over the cause is derivative, and that unless the justice of the peace before whom the cause was in-

158 App.—42

stituted had jurisdiction over the person and subject-matter, the circuit court on appeal acquired none. Thus, if it appeared that the amount in controversy exceeded the jurisdiction of the justice, the circuit court, although a court of general and unlimited jurisdiction in matters originally before it, could have no jurisdiction of that cause on appeal. But in cases which are certified to the circuit court under section 7460, it is expressly provided by that section that the circuit court should proceed with the cause certified to it thereunder, without regard to the amount in controversy and as if the cause had originally been commenced in that court. This can only mean that when a cause is certified to the circuit court under this section, it is to be there proceeded with on and under such pleadings as in cases originating in that court.* As noted, our court held in the Cartmell Machine Company case, supra, a case, however, which originated in the circuit court, that a fatal defect appeared, in that the record failed to show that the defendant by answer, had made a claim to and made demand for the return of the piece of machinery; that hence the court erred in adjudging the right of possession to that piece of machinery to be in him. But it is to be noted that in in the case at bar, certified into the circuit court by the justice, it appears by the abstract that the affidavit which defendants filed for the certification of the case to the circuit court was treated throughout this trial as a claim, by answer, on the part of defendants to the logs in controversy and a demand for the possession thereof. No attempt to take a default against defendants for lack of answer or no suggestion that an answer was required, appears to have been made in the circuit court; no motion in arrest of judgment was there filed, and the first time that this point is made is when it is submitted to this court on this appeal. We think that the suggestion comes too late and that appellant is precluded from now insisting that there was no writ-

ten answer or pleading interposed in the case at the trial thereof before the circuit court.

Equally untenable is the proposition made that the demurrer to the evidence at the close of plaintiff's testimony should have been in writing and could not be considered because made orally. It has been a very common practice in this state for many years, to interpose a demurrer to the testimony at the close of plaintiff's case, or at the close of the whole case, *ore tenus*, when the case is tried before the court without a jury, as was done here. Instructions must be in writing but none need be given when the trial is before the court without a jury, as was the case here. Moreover, the abstract of the record in this case, while very full, fails to show that any objection was made by plaintiff in the lower court to the demurrer being interposed orally or any demand made that it be reduced to writing.

That demurrer having been interposed and sustained, plaintiff then offered to read in evidence a deposition of one of the defendants, Mrs. Campbell. This was objected to, no grounds of objection being stated, and the objection sustained. We are therefore not advised of the ground upon which the learned trial court acted. If its action can be sustained on any legal ground, that must be done. It may be said that the deposition was properly rejected on the ground that no reason appeared for the non-appearance of the deponent in court. It appears by the certificate of the justice of the peace before whom the deposition was taken, that she was a resident of the county, hence within the power and reach of the process of the court, and there is no reason shown why she was not present, or subpoenaed to appear. That she was a party defendant did not change this rule, as her deposition was not offered as an admission by a party to the suit. It was offered simply as would be the deposition of any other witness. Waiving that, however, and conceding

that in the exercise of a wise discretion lodged in him, it would have been perfectly proper for the learned trial court to have reopened the case after its submission by plaintiff, it cannot be held that he abused that discretion in not doing this. That, either for the reason above given, or for the further reason, that the deposition itself, when examined, does not appear to help plaintiff in establishing its case. We have set out the substance of that as far as we deem it relevant and, examining it, in spite of its exclusion, see no reason to think that its introduction would at all change the ruling of the court, or that its exclusion was harmful error.

It is complained that the court, in making the finding and rendering the judgment in the case, disregarded the agreement made between the parties, to the effect that the logs in controversy should be sold and the proceeds held subject to the determination and outcome of this case. We do not understand that this judgment, as entered up, at all disregards that agreement. This agreement was outside of the case entirely and made, not only after its institution, but after its certification to the circuit court, and it was distinctly a part of that agreement that the cause, that is, the replevin action as such, should be proceeded with. In that action no judgment except one awarding the possession of the property in the plaintiff or of adjudging it in defendants, beyond an assessment of damages and costs, was possible. So that if that is a valid agreement and covers this fund or covers these particular logs here in controversy, the judgment here rendered does not preclude parties to it from carrying it out. As we understand the matter, however, the object the parties had in view was, outside of and even under the agreement, to determine by the prosecution of this action for replevin the right of ownership and possession of the logs in controversy. There is no pretense that any agreement, enforcible in this action

by the court, was made betwen the parties that in the event of the judgment of the court either way, that the court, in this action, should adjudge that the fund was to take the place of the logs or be accepted as their value.

The form of the judgment is criticised by counsel for appellant as being entirely unwarranted by the statute, it being contended that the value of the property and damages for its detention are not found and assessed. We are unable to concede this. Although the judgment is informal, we think, as the case was presented to the court by the parties themselves, neither party giving any evidence whatever as to the value of the property, that for all practical purposes it is sufficient and meets the statute. It is a judgment awarding the right of possession to defendants, holding plaintiff and its sureties responsible for the return of it to him and awarding costs to defendants. That the value of the property was not assessed or damages found, is not material. The verdict finds that the property belonged to defendants, and so the judgment went and that is all that was adjudged. An assessment of the value or of damages would have been for the benefit of defendants. They do not complain: plaintiff cannot. [Caldwell v. Ryan, 210 Mo. 17, l. c. 22, 108 S. W. 533.]

The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.*, concur in the result but do not agree to that part of the opinion which holds that the proceedings are different when the cause is on certificate by the justice from what they are on appeal; *Nortoni, J.*, because he believes that no different rule prevails in one than in the other; *Caulfield, J.*, because in his opinion the decision on this point is not necessary in this case.

*Note by Reynolds, P. J.—When the affidavit that title is involved is filed, the justice loses jurisdiction over the subject-matter. Ordinarily the parties would then go out of court. But the statute intervenes and prevents this, commands that the cause be thereupon certified to the circuit court, where it proceeds as if originally instituted in that court. Herein lies the difference between a case taken by appeal and one so certified.