ESTHER LESSNER, SUCCESSOR TO ESTHER LESSNER, EXECUTRIX OF THE WILL OF JACOB LESSNER, DECEASED, APPELLANT, v. MONARCH FIRE INSURANCE COMPANY, A CORPORATION, RESPONDENT.—153 S. W. (2d) 129.

Kansas City Court of Appeals.   June 16, 1941.

*W. H. H. Piatt* and *John J. Brauch* for appellant.

*Hogsett, Trippe, Depping & Houts* and *Charles R. Westmoreland* for respondent.

CAVE, J.—This is a suit to collect an alleged paid and unearned premium in the sum of $263.64 on a fire insurance policy. The suit originated in a Justice of the Peace Court in Jackson County, was tried there, resulting in judgment for defendant. Plaintiff appealed to the circuit court, where said cause was tried on January 4, 1940, before the court, a jury having been waived. On February 5, 1940, the court entered judgment for defendant. Plaintiff appeals from this judgment.

It appears from the record that on the day the court rendered judgment, it also made what is designated as "Findings of Fact," and also "Conclusions of Law." But the record does not disclose that there was ever any request made of the court by either party for a "Findings of Fact" or "Conclusions of Law," and the briefs concede no such request was made. Under such circumstances, we conclude that there was no "findings of fact" or "conclusions of law," as contemplated by section 952, Revised Statutes Missouri 1929, and the memorandum filed by the court amounts to nothing more than its reasons for the conclusion reached; it does not have the effect of a special verdict. [Joblin v. Surety Co., 193 Mo. App. 132, 138.] Therefore, the finding must be treated as a general finding or verdict, and conclusive on this court if supported by substantial evidence. [Shapiro Upholstering Company v. Conners, 45 S. W. (2d) 892, and cases cited therein.]

The plaintiff, under "Assignments of Error," makes four specific complaints, all of which are directly assailing the memorandum of "findings of fact" filed by the court, and, according to our view of this record, she is assailing something which does not exist. There was no "Findings of Fact" such as the trial court is required to make under Section 952, *supra*.

Under "Points and Authorities" there are four separate errors charged. The first two are again assailing certain specific findings made by the court in the memorandum filed, and, as above stated, we hold such matters are not before us for decision.

Point three is stated thus: "Insurance agents who accept individual credit of a broker are not entitled to cancel policies issued without repayment to insured of unearned premiums paid by insured to broker;" while point four is as follows: "Payment of insurance premium to broker may be made by credit extended to the insured on an account or by settlement of their mutual accounts." Many authorities are cited in support of both propositions. But the burden of plaintiff's argument on both points is that the trial court should have found a different set of facts and drawn other inferences in these

particulars than was done. We cannot inquire into that if there was any substantial evidence to support the findings of the court on any reasonable theory. [Carter-Waters Corporation v. Buchanan County, 129 S. W. (2d) 914.]

. In her reply brief, plaintiff argues that even if the findings of fact and conclusions of law were not requested in compliance with section 952, *supra*, and therefore not properly before us for consideration, nevertheless we may look to the whole record for the purpose of determining whether there is substantial evidence to support the general findings of the trial court.

This we have done, and find that there is substantial evidence to support the finding and judgment of the court. We cannot and will not pass on the weight of the evidence. [Weisguth v. Burke, 138 S. W. (2d) 689.]

Finding no error in this record as preserved and presented, the judgment is affirmed. All concur.