STATE of Missouri, ex rel. ROYAL GLOBE INSURANCE COMPANY and Morgan Drive-Away, Inc., corporations, Relators,

v.

The Honorable J. O. SWINK, Judge of the Circuit Court of Madison County, Missouri, Respondent.

No. 33–993.

St. Louis Court of Appeals, Missouri.

May 25, 1971.

Motion for Rehearing or to Transfer to Supreme Court Denied June 28, 1971.

Application to Transfer Denied Sept. 13, 1971.

Kenneth L. Waldron, Jackson, for relators.

Schnapp, Graham & Reid, by John W. Reid, II, Fredericktown, for respondent.

CLEMENS, Commissioner.

Original proceeding in prohibition. Our preliminary writ prohibited the respondent circuit judge from proceeding in a case certified to his court on change of venue from the magistrate court. The respondent judge had assumed jurisdiction over a counterclaim, a third-party petition, and in-

terrogatories against the relators, each filed after the case reached the circuit court. The issue: When a magistrate court certifies a case to a circuit court on change of venue does the circuit court have original jurisdiction or only derivative jurisdiction? We hold it has original jurisdiction and quash our preliminary writ.

We mark out the path the case traveled in reaching us. Paul Boren, d/b/a Paul's Wrecker Service, towed and stored a wrecked truck and trailer. He asserted an artisan's lien and refused to release either the truck or trailer until his charges were paid. Royal Globe Insurance Company, as assignee of the truck's owner, filed a replevin suit against Boren in the magistrate court seeking possession and damages. Boren moved for a change of venue and, since there was only one magistrate court in Madison County, the magistrate certified the case to the circuit court as required by § 517.520 [1]. There, defendant Paul Boren filed an answer and a counterclaim against and interrogatories directed to plaintiff Royal Globe. Boren also filed a third-party petition against relator Morgan Drive-Away, Inc., whom Boren claimed had operated the truck and trailer under an ICC permit.

In the circuit court Royal Globe moved to strike Boren's counterclaim on the ground a defendant sued in a magistrate court may not thereafter file a counterclaim in the circuit court. See § 512.290. Royal Globe also moved to strike Boren's interrogatories, contending discovery proceedings cannot be used in the magistrate court and since the circuit court's jurisdiction is derivative, are not available to Boren there. Relator Morgan Drive-Away moved to strike Boren's third-party petition on the same ground of derivative jurisdiction. The respondent judge denied the motions to strike and this proceeding in prohibition followed.

The premise of relators' argument is that the respondent judge's jurisdiction is derivative and he possesses no powers except those of the magistrate court in which the case originated. From this premise relators advance two arguments: Since a magistrate court can entertain neither interrogatories nor third-party petitions, the respondent judge cannot do so; that upon certification of a case from the magistrate court to the circuit court the higher court takes the case as it stood in the lower court and Boren's pleadings—his answer and counterclaim—thereafter filed in the circuit court are nullities.

The relators' premise of derivative jurisdiction fails to note the distinction between a case going from a magistrate court to a circuit court on *appeal* and a case *certified* by a magistrate court to a circuit court on change of venue. There is an obvious difference. On appeal from a magistrate court judgment the issues have been made up. By §§ 512.270 to 512.300, on appeal the case goes to the circuit court to hear, try and determine anew; the same cause of action and no other shall be tried there; no counterclaim may be pleaded in the circuit court; and no new item may be added to the original claim. These statutory restrictions have produced a host of appellate decisions holding that on appeal from a lower court the circuit court has no greater jurisdiction than the lower court. See cases listed in 18 Mo.Dig., Justices of the Peace, (2).

By contrast, when a magistrate court certifies a case to a circuit court on change of venue the issues have not necessarily been made up and by statute the certified case reaches the circuit court for further proceedings in accordance with that court's jurisdiction. Section 517.530 declares that upon receiving a case on change of venue the circuit court shall "proceed with the same in like manner as if it had been commenced before it." This

---

1. All section numbers refer to RSMo 1969, V.A.M.S.

statute confers original rather than derivative jurisdiction.

The parallel case of Scott v. Shackleford, Mo.App., 125 S.W.2d 522[1], dealt with a case certified by a justice of the peace to the circuit court because title to real estate was involved. Like § 517.530 concerning certification upon a change of venue, § 517.330 provides that when a magistrate court case involves title to real estate it shall be certified to the circuit court and that court "shall be possessed of said cause, and proceed therewith * * * as if originally commenced therein." Distinguishing this from a case on appeal from a lower court, we held the statute conferred original rather than derivative jurisdiction, saying: "* * * [T]he jurisdiction acquired by the circuit court could not in the very nature of things be derivative as in the case of an appeal from the judgment of a justice, where the jurisdiction of the circuit court is limited to that of the justice's court in the trial of the case anew. To the contrary, where title to real estate is put in issue in the justice's court, the circuit court acquires jurisdiction of the case 'as if originally commenced therein' (Sec. 2233), which means that its jurisdiction is purely original, and

that the case is thenceforth to be proceeded with in the circuit court 'under such pleadings as in cases originating in that court.' "

That case differs from ours only as to the reason for transfer. There certification was mandatory because title to real estate was involved; here certification was mandatory because of change of venue. Certification, as distinguished from appeal, confers original jurisdiction. It follows that the respondent judge properly assumed jurisdiction over the pleadings and discovery procedure filed in his court. In accordance with respondent's motion for judgment on the pleadings, our preliminary writ of prohibition is quashed.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, in accordance with respondent's motion for judgment on the pleadings, our preliminary writ of prohibition is quashed.

BRADY, P. J., and WOLFE, J., concur.

DOWD, J., not sitting.