**J. Arthur MUMFORD, Executor of the Estate of James B. Blakemore, Deceased, Plaintiff-Respondent,**

v.

**Elsie SUTTON, Defendant-Appellant.**

**No. 9119.**

Missouri Court of Appeals, Springfield District.

Feb. 3, 1972.

Orville C. Winchell, Lebanon, for defendant-appellant.

David E. Wilhite, Donnelly, Baldwin & Wilhite, Lebanon, for plaintiff-respondent.

HOGAN, Judge.

The sole question posed on this appeal is whether a defendant must file a responsive pleading in a case which has been certified to a circuit court on change of venue for lack of another magistrate in the county. It arose in the following circumstances:

Plaintiff, as executor of the Estate of James B. Blakemore, deceased, filed what appears to be a conventional subrogation action in the Magistrate Court of Laclede County. The recitations of the petition are not material on this appeal; it is sufficient to say that the object of the action was to recover damages done to the decedent's automobile in an accident which occurred before his death. The action was filed on June 27, 1969, and on July 28, 1969, defendant Sutton filed an application and affidavit for a change of venue from the magistrate court on the ground that defendant could not have a fair and impartial trial before the magistrate on account of the magistrate's bias and prejudice. The affidavit is drawn substantially in the language of the statute, § 517.510, RSMo (1969), V.A.M.S.,[1] and there is no question about its sufficiency on this appeal.

On the same day, there being no other magistrate within the county, the cause was ordered transferred to the Circuit Court of Laclede County. The record indicates that the order was filed in the circuit court on July 31, 1969. The next entry of record is a motion by defendant to require the plaintiff to disclose the real party in interest. The prayer of the motion is that plaintiff be required ". . . to amend its pleading to show the Real Party in Interest [and] attach all significant documents, or in essence, plead the contents thereto [sic] . . . so defendant can properly prepare an adequate defense." The motion also prays the court ". . . to allow her time to plead to the Amended Petition, as so Ordered by Court." This motion was filed in the circuit court on December 4, 1970, sixteen months after the case was certified to the circuit court.

When the case was called for hearing on December 8, 1970, plaintiff announced ready, and counsel for plaintiff was asked if he objected to having the motion filed out of time. On plaintiff's statement that he considered the motion untimely and did object, the court held the motion untimely and refused to consider it. Counsel for defendant, who was apparently not present when the case was taken up, was summoned and advised that the court considered the defendant in default for want of a pleading, and that plaintiff's evidence would be heard. The following exchange of remarks then took place:

"MR. WINCHELL: This is not a default. There are no pleadings required on an appeal from Magistrate Court.

THE COURT: It is my understanding that you have thirty days after the appeal reaches this Court to file a pleading, otherwise you have no written record whatsoever.

When you come to this Court you have to comply with the rules of this Court.

MR. WINCHELL: We take exception to the Court's ruling.

MR. WILHITE: We do want to reasert [sic] our motion for a Judgment at this time due to the fact that they have failed to respond to our pleadings. So we move for a default judgment.

THE COURT: The Court at this time would entertain a motion to file responsive pleadings out of time.—(Pause —no response.) The Court can only rule that the Defendant is still in default before this Court. By record proper, the Court rules that the Defendant is in default and the Plaintiff has waived [a] jury and the Court is ready to hear the evidence."

Plaintiff then made proof of the allegations of his petition, including the amount of damages sustained, and a judgment in the amount of $677.26 was entered for the plaintiff. The defendant, as noted, has appealed on the sole ground that she

1. All references to statutes and rules are to R.S.Mo. (1969), V.A.M.S. and V.A.M.R., unless otherwise noted.

was improperly held in default for want of a pleading.

■ Both parties have carefully briefed their positions in this court, but since the principles dispositive of the appeal as presented have been recently and succinctly stated in State ex rel. Royal Globe Insurance Co. v. Swink, Mo.App., 469 S.W.2d 881, it seems scarcely necessary to restate the applicable law at length. It is true, as the defendant argues, that formal pleadings are not required in magistrate courts, § 517.050, and that a defendant's appearance, without pleading, operates to raise the general issue in that court. Holtzman v. Holtzman, Mo.App., 278 S.W.2d 1, 4 [1]. Nevertheless, it is not true to say, as the defendant maintains, that the rules of pleading and procedure prescribed for magistrate courts govern those cases which are instituted in a magistrate court but are later certified to the circuit court on change of venue[2] for want of another competent magistrate within the county. There is a distinction between those cases going from magistrate court to circuit court on appeal, and those certified to the circuit court on change of venue. On appeal, by the provisions of §§ 512.270 to 512.300, the circuit court hears, tries, and determines de novo the very issues which were tried in magistrate court; no new or different action may be tried in the circuit court, no counterclaim may be pleaded on appeal, and no new item may be added to the original claim. In short, on appeal from magistrate court to circuit court, the circuit court's jurisdiction is wholly derivative, and although the trial in circuit court is conducted according to its practice, questions arising there as to pleadings are determined by the rules applicable to pleadings in the magistrate court. Wood v. John Hancock Mut. Life Ins. Co., Mo. App., 241 S.W.2d 802, 803–804 [1]; Butler v. Missouri Ins. Co., Mo.App., 187 S.W.2d 56, 62 [12].

On the other hand, the statutes provide that when an affidavit of prejudice is filed in magistrate court on the ground of the magistrate's bias and prejudice, as was the case here, ". . . the case shall be certified to the circuit court for trial *as if originally filed in the circuit court,*" § 517.520, par. 1, and provide further that "[t]he court or clerk . . . to which the cause is sent shall, *when it becomes possessed of the cause,* forthwith proceed with the same *in like manner as if it had been originally commenced before it . . . .*" § 517.530. (All emphasis ours.) The plain import of the statutes, which we may not ignore, is that *certification* of a case from magistrate to circuit court upon affidavit of the magistrate's prejudice, made pursuant to § 517.520, par. 1, for want of another competent magistrate confers original jurisdiction upon the circuit court, and from the day the cause is received in circuit court the rules of pleading and procedure governing practice in the circuit court obtain. State ex rel. Royal Globe Insurance Co. v. Swink, supra, 469 S.W.2d at 882–883 [2]; Scott v. Shackleford, Mo.App., 125 S.W.2d 522, 525 [1]; St. Louis Union Trust Co. v. Merritt, 158 Mo.App. 648, 658, 139 S.W. 824, 827. See also State ex rel. Johnson v. Green, Mo., 452 S.W.2d 814, 817 [5].

■■ This is not to say, and we do not hold, that if this cause had been at issue upon a responsive pleading when it was certified to the circuit court defendant would have been obliged to answer anew merely to avoid default for want of a pleading. It is to say that from the day the circuit court became possessed of the cause on July 31, 1969, defendant was bound to respond, by answer or appropriate motion, in the manner and time prescribed for responsive pleadings in the circuit court. That, as we have said, is the plain import of the statute. Since the motion filed was not timely, the time for filing a

---

**2.** As that term is used to mean a change of judge.

responsive pleading was not postponed, and when defendant refused to plead responsively in any manner, she was properly held in default for want of a pleading. Inasmuch as the judgment is not erroneous for any reason assigned and briefed in this court, it is in all respects affirmed.

TITUS, C. J., and STONE, J., concur.