Wayne SWETNAM, Respondent,

v.

U. S. BY–PRODUCTS CORPORATION,
Appellant.

No. KCD 26345.

Missouri Court of Appeals,
Kansas City District.

June 3, 1974.

James W. Benjamin, John C. Cozad, Rogers, Field, Gentry, Benjamin & Robertson, Kansas City, for appellant.

W. R. Schelp, Lexington, for respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

DIXON, Chief Judge.

The trial court, sitting without a jury, entered a judgment for $2,500 upon de novo review of a judgment in favor of plaintiff by the Magistrate Court of Ray County. Defendant appeals. The trial court's judgment as modified is affirmed.

The litigation involves plaintiff's claim as a former employee to a bonus payment pursuant to an oral agreement by the employer to pay a bonus based on the profits of the employer before taxes.

Defendant's appeal raises three issues: first, that the bonus plan required satisfactory performance of plaintiff's duties; second, that plaintiff was required to prove he

was wrongfully discharged; and third, that the Circuit Court erred in entering on de novo review a judgment in excess of the $2,000 limit of the magistrate's jurisdiction.

Plaintiff had been in the employ of defendant in varying capacities for several years. In 1969, a Mr. Clayburn, the General Manager of the defendant-company, left his position with the defendant. The co-owners of the business arranged a meeting with plaintiff and three other employees in Kansas City, Missouri. At that meeting, there was a discussion of the manner in which responsibilities which Clayburn had held would be divided among the four employees present at the meeting. As a result of the meeting, the plaintiff became the administrative superintendent of the defendant's plant at Henrietta, Missouri. His responsibilities involved shipping and receiving, personnel and union negotiations, plant safety and public relations. Prior to leaving the company, Clayburn had been receiving a bonus of ten per cent of the net profit of the company before taxes. There is a dispute in the evidence as to what was arranged at that meeting, but the plaintiff's evidence was that there was to be an equal division of the bonus amongst the four employees in return for the assumption of the new duties assigned to the employees.

Subsequent to that meeting, the plaintiff received a two and one-half per cent bonus for the four months remaining in the 1969 fiscal years. Plaintiff continued in the employment of the defendant for most of the 1970 fiscal year which ended July 1, 1970. On June 12, 1970, he was discharged. Again, a dispute arises in the evidence with respect to the reason for his discharge. The plaintiff asserts he was told he was being discharged because of economic conditions. The defendant asserts that there was a "hot discussion" regarding the alleged unsatisfactory performance by plaintiff of his assigned duties. Plaintiff received after his discharge his vacation and severance pay, the amount of which was in dispute, but apparently at least two weeks additional pay. In October, 1970, the plaintiff received an amount of $400 from the defendant, upon which was the notation "advance on bonus." The plaintiff's suit was to recover the difference between the $400 and the two and one-half per cent of the net profit before taxes. The net profits prior to payment of taxes was not certain from this record because of certain items of accelerated depreciation, but no issue is raised on this appeal with respect to the amount of the judgment of the court insofar as it relates to the question of computation of the amount. It appears that other employees were entitled to receive two and one-half per cent and had been paid $2,900 for the fiscal year involved.

■ The defendant first asserts that the trial court erred in finding that the plaintiff was required to render satisfactory performance on his job in order to receive the bonus. There were no specific findings of fact or conclusions of law requested by either party, and thus, the defendant's assertion of error cannot rest upon a determination that a specific finding of fact is error. "Although there is nothing improper in such action by the court, such findings not being requested are in the nature of voluntary statements by the court, are not reviewable and present no question for review, other than as a general finding, . . ." Conley v. Crown Coach Co., 348 Mo. 1243, 159 S.W.2d 281, 285 (1942). Defendant may not on appeal assign as error a specific finding of fact or conclusion of law, or the lack thereof, when such findings were not made at the request of one of the parties. Lessner v. Monarch Ins. Co., 236 Mo.App. 161, 153 S.W.2d 129 (1941); Easton Food Center, Inc. v. Beatrice Creamery Co., 119 S.W.2d 987 (Mo. App.1938); Tillman v. Melton et al., 350 Mo. 155, 165 S.W.2d 684 (1942). Section 510.310 RSMo 1969, V.A.M.S.

■ The defendant has failed to distinguish between a finding that plaintiff's work was satisfactory, which may be im-

plied from the court's judgment in favor of plaintiff, Section 510.310 RSMo 1969, V.A.M.S., Rule 73.01, V.A.M.R., Brusca v. Gallup, 429 S.W.2d 780 (Mo.App.1968), and defendant's evidence that the work must be satisfactory to Mr. Al Bradley, one of the owners of the defendant company. The court's informal finding was not as defendant suggests, that the work was not satisfactory, but that there was no agreement that plaintiff's work need be done to meet the approval of Mr. Bradley.

The trial court judgment is also impugned by the defendant on the ground that there is a failure to find that plaintiff's discharge was wrongful, this based on the defendant's view that such proof is required by the holding in Croskey v. Kroger Co., 259 S.W.2d 408 (Mo.App.1953). Croskey, supra, holds that where there is a "specific term" during which the plaintiff must serve, the plaintiff's noncompliance with the requirement that the term be served is excused if that noncompliance was occasioned by the wrongful discharge of the employee by the employer.

■ Where there is no evidence that a condition of the payment of the bonus is that the employee remain in the employ of the defendant until the end of the year, termination of the employment cannot defeat the recovery of a proportionate part of the bonus. Pyrtle v. International Shoe Co., 249 S.W. 432, 435 (Mo.App.1923). The issue of a discharge for cause affecting a part or all of the payment of the bonus is not reached or decided upon this branch of the case since, as noted, the trial court, upon conflicting evidence on that issue, entered a general verdict for plaintiff.

In any event, the plaintiff's evidence was that the defendant had promised payment of a proportionate part of the bonus and had given effect to that promise by partial payment.

■ Defendant raises the issue of the jurisdiction of the Ray County Circuit Court to enter a judgment for $2,500 upon an appeal from the Magistrate Court of Ray County.

Under Section 482.090 RSMo 1969, V.A.M.S., the Ray County Magistrate Court has "original jurisdiction" when in "proceedings for the recovery of money . . . the sum demanded . . . does not exceed two thousand dollars . . . ." The population of Ray County limits that Magistrate Court to such jurisdiction under Sections 482.090 RSMo 1969, V.A.M.S.

The Ray County Circuit Court was an appellate court. The jurisdiction of a circuit court on appeal is limited to "the same cause of action, and no other, that was tried before the magistrate . . . ." Section 512.280 RSMo 1969, V.A.M.S. Cases interpreting Section 512.280 have continually held that a circuit court in considering an appeal from magistrate court is limited in monetary jurisdiction to that jurisdiction which the magistrate court held. Short v. Morrison, 149 Mo.App. 372, 130 S.W. 78 (1910), specifically holds that the Circuit Court is without jurisdiction to enter a judgment greater than a magistrate court could have entered. "[O]n appeal from magistrate court to circuit court, the circuit court's jurisdiction is wholly derivative . . . ." Mumford v. Sutton, 476 S.W.2d 141 (Mo.App.1972). An extensive review of the law on this question is set out in State ex rel. Royal Globe Insurance Co. v. Swink, 469 S.W.2d 881 (Mo.App. 1971). It is there definitively stated that "on appeal from a lower court the circuit court has no greater jurisdiction than the lower court." It is a basic premise of appellate procedure that an appellate court's jurisdiction cannot exceed that of the court from which the appeal is taken. Cf. McClellan v. Sam Schwartz Pontiac, Inc., 338 S.W.2d 49 (Mo.1960); Saunders v. Scott, 132 Mo.App. 209, 111 S.W. 874 (1908).

This court has not considered, nor can it consider, the merits of this action except to the extent that the jurisdiction of the Cir-

cuit Court of Ray County allowed that Court to consider the merits of the action. Shepler v. Shepler, 348 S.W.2d 607 (Mo. App.1961). The Ray County Circuit Court could only consider the merits of the claim to the jurisdictional extent which the Ray County Magistrate Court could do so. Therefore, the judgment of the Circuit Court of Ray County cannot be sustained beyond the jurisdictional limit of the Magistrate Court.

In a review of a court-tried case, this court enters the judgment the trial court should have entered. The judgment of the trial court is, therefore, modified by reducing it to $2,000, and, as modified, the judgment is affirmed.

All concur.