**Frank SUSMAN, Appellant,**

v.

**HI–FI FO–FUM, INC., et al.,
Respondents.**

**No. 41513.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 25, 1980.

Frank Susman, Susman, Schermer, Willer & Rimmel, Clayton, for appellant.

Michael Forst, St. Louis, for respondents.

REINHARD, Judge.

Plaintiff appeals from an order of the circuit court sustaining defendants' motion to set aside judgment pursuant to Rule 74.32.

On July 20, 1977, plaintiff filed suit against defendants in the Magistrate Court of St. Louis County, Missouri. His petition

alleged that defendants "are jointly and severally indebted to plaintiff in the amount of Four Thousand and Sixty Dollars ($4,060.00), for legal services rendered at their request and on their behalf." Attorney Carl Katzen filed an answer in behalf of defendant, Ronald Bliffert on August 17, 1977. The case was tried before a jury with attorney Katzen appearing in behalf of both defendants. Plaintiff received a verdict and judgment in the amount of Six Hundred Dollars plus costs. He appealed this judgment to the circuit court. After plaintiff filed his notice of appeal, Katzen withdrew as attorney of record for defendants on November 28, 1978.

On November 30, 1978, plaintiff filed in the circuit court a two-count amended petition. There is no showing that plaintiff obtained leave of court to file this petition. Count I was in effect a reaffirmation of the original petition. Count II was a claim against defendants on the theory of quantum meruit. Defendants filed no responsive pleadings to the amended petition. On December 15, 1978, a default and inquiry was granted against the defendants. On January 8, 1979, judgment was entered against defendants, jointly and severally in the amount of $4,060 plus interest from May 3, 1977 of $410.45.

On March 8, 1979, defendants filed an amended motion pursuant to Rule 74.32 asking that the court set aside the "purported default judgment." The motion alleged that defendants' attorney had withdrawn before the amended pleadings were filed and that they were not notified of either the December 15, 1978 hearing or the January 18, 1979 hearing. They further alleged that the record is barren of any notice to them of the purported amended petition. In their motion defendants asserted seven irregularities which they contend entitled them to relief. The court sustained defendants' motion without stating the grounds on which it was setting aside the judgment. Plaintiff appeals from that order.

Rule 74.32 establishes a remedy whereby a judgment may be set aside for an irregu-larity on the face of the record if the motion is made within three years after the judgment is rendered. This motion was filed well within the three year period. Under Rule 74.32 an irregularity sufficient to warrant setting aside a judgment exists if there is "a want of adherence to some prescribed rule or mode of procedure, consisting either in omitting to do something that is necessary for the due and orderly conduct of the suit, or in doing it in an unreasonable time or an improper manner." *McDaniel v. Lovelace*, 439 S.W.2d 906, 910 (Mo.1969) *quoting from Wooten v. Frieberg*, 355 Mo. 756, 765, 198 S.W.2d 1, 7 (1946). The irregularity must be one that "is patent on the record and not one depending on proof *dehors* the record." *Casper v. Lee*, 362 Mo. 927, 939, 245 S.W.2d 132, 138 (Mo. banc 1952).

Plaintiff's default judgment is premised upon the failure of defendants to file a responsive pleading to the amended petition. Rule 55.33(a) provides: "A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within ten days after service of the amended pleading, whichever period may be longer, unless the court orders otherwise." Rule 74.045 provides: "If a defendant shall fail to file his answer or other pleading within the time prescribed by law or the rules of practice of the court . . . an interlocutory judgment shall be given against him by default." For the reasons set forth below, we conclude that the trial court granted the proper relief here because the judgment is irregular on the face of the record in at least two respects.

First, the record is barren of any indication that defendants were served with a copy of the amended petition. Rule 43.-01(a) provides that pleadings filed subsequent to the original petition be served upon each of the parties affected thereby. Rule 43.01(b) provides for service upon a party's attorney when the party is represented by an attorney of record. Since the defendants here had no attorney of record, the appropriate mode of service was pre-

scribed by Rule 43.01(c)(2) which provides that service may be made: "upon a party by delivering or mailing a copy to him or by serving a copy in the manner provided for service or summons in Rule 54.13." Rule 43.01(d) provides: "Service may be shown by acknowledgement of receipt or by affidavit or by written certificate of counsel making such service." Plaintiff contends that the court rules do not require proof of service to be included in the court record. However, he does not deny that in order for him to have obtained a default judgment upon the amended pleading that defendants should have been served with a copy of the amended petition. It goes without saying that they cannot have been in default without notice. "It is a cardinal principle of law that whenever a party's rights are to be affected . . . he shall have timely notice thereof in order that he my appear for his own protection." *Mandel v. Bethe*, 170 S.W.2d 87, 89 (Mo.App.1943). We do not hold that service of the amended pleading can only be shown as provided for in Rule 43.01(d), but we do hold that there must be something in the record that shows service was made upon the adverse party. In this case, the failure of the record to show that defendants were served with a copy of the amended petition is an irregularity on the face of the record which justified setting aside the default judgment in plaintiff's favor.

■ Plaintiff's judgment is also subject to attack because neither of the defendants were in default at the time of the rendering of the default judgment. Defendants are not required to file formal pleadings in the magistrate court, since their appearance in person or by attorney operated to raise the general issue. *Mumford v. Sutton*, 476 S.W.2d 141, 143 (Mo.App.1972); *Holtzman v. Holtzman*, 278 S.W.2d 1, 4 (Mo.App.1955). The court stated in *Mumford*:

> On appeal, by the provisions of §§ 512.270 to 512.300, the circuit court hears, tries and determines de novo the very issues which were tried in the magistrate court . . . . [T]he circuit court's jurisdiction is wholly derivative, and although the trial in circuit court is conducted according to its practice, questions arising there as to pleadings are determined by the rules applicable to pleadings in the magistrate court.[1]

476 S.W.2d at 143.

■ Since this action was originally filed in the magistrate court and then appealed to the circuit court, the defendants were not required to file an answer. Magistrate court procedure permits amendment of pleadings with leave of court so long as no new cause of action is alleged, *Midwest Ins. Corp. v. Schroeder*, 185 S.W.2d 660, 663 (Mo.App.1945). Defendant Hi-Fi Fo-Fum, Inc. was not required to file an answer to the amended pleading nor was defendant Bliffert required to refile his answer.[2]

■ Not being in default, the defendants were entitled to notice of when their case would be heard. Plaintiff does not contend that defendants were notified of the trial date. Thus, taking the default judgment on the amended pleading without providing defendants notice of the hearing was another procedural defect which entitled defendants to relief under Rule 74.32.

---

1. This was not the case in cases certified to the circuit court for trial because of disqualification of the magistrate judge. Section 517.520 RSMo. 1969 provides: "The case shall be certified to the circuit court for trial as if originally filed in the circuit court." *Mumford v. Sutton*, 476 S.W.2d at 143. *Caveat*: the appeal from the magistrate court here occurred prior to the effective date of the new judicial article and the implementing statutes.

2. The procedures and practices pertaining to pleadings in magistrate court have not been affected by the adoption of the Missouri Rules of Civil Procedure. Rule 41.01(b) provides that: "[C]ivil actions originating in the magistrate court . . . but which are pending in the . . . circuit courts or courts of common pleas shall be governed by Rules 41 through 101, except, that Rule 55 shall not apply unless the court orders the application of Rule 55, or specified portions of it . . . ." *See also Wired Music, Inc. v. O'Brien*, 556 S.W.2d 459, 461 (Mo.App.1977).

The new 1980 Rule 41.01(b) effective March 1, 1980 contains the same provisions for actions originating in the associate circuit courts.

Accordingly, we affirm the judgment of the trial court.

DOWD, P. J., and CRIST, J., concur.