**JOPLIN SURGICAL ASSOCIATES, INC., Plaintiff-Respondent,**

v.

**Charles J. SMITH, Defendant-Appellant.**

**No. 14707.**

Missouri Court of Appeals, Southern District, Division Two.

June 11, 1987.

George L. Gundy, Myers, Taylor and Whitworth, Webb City, for defendant-appellant.

PER CURIAM:

In this court-tried action for services rendered, plaintiff Joplin Surgical Associates, Inc., a professional corporation, has had judgment against defendant Charles J. Smith in the amount of $1,063.80. The defendant appeals. We affirm.

The action was commenced in the Associate Division of the Jasper County Circuit Court on May 21, 1985. The defendant filed no answer, but of course under the procedure then prescribed for actions in the Associate Division, formal pleadings were not required in any case. *Kershner v. Hilt Truck Line, Inc.*, 637 S.W.2d 769, 771 (Mo. App.1982). A defendant's appearance in the Associate Division, without pleading, operated to raise the general issue. *Mumford v. Sutton*, 476 S.W.2d 141, 143 (Mo. App.1972). The defendant did file a request for admissions of fact pursuant to Rule 59.01, asking plaintiff to admit that its claim for services was "based solely on the fact that Defendant was the husband of Dorothy M. Smith during the period when the medical treatment or services were provided to her by Plaintiff." The plaintiff admitted such to be the fact.

The defendant asserts, and the judgment recites, that the cause was submitted on a stipulation of fact but that stipulation, as such, is not included in the legal file. Counsel maintains that the point presented on appeal was argued to the trial court but the record does not reflect any such argument and this court cannot supplement the record on the basis of statements appearing only in the briefs. *Turpin v. Watts*, 607 S.W.2d 895, 900 (Mo.App.1980). On the papers laid before us, it does not affirmatively appear that any constitutional issue concerning the plaintiff's bill was raised in the trial court until the motion for new trial was filed. The defendant would now have this court rule that the trial court's application of the doctrine of "necessaries" as a basis for its judgment denied him equal protection of the laws through gender-based discrimination, in violation of the Fourteenth Amendment to the Constitution of the United States and Mo. Const. Art. I, § 2. We are cited to cases from other jurisdictions, principally *Jersey Shore Medical Center-Fitkin Hospital v. Estate of Baum*, 84 N.J. 137, 417 A.2d 1003, 11 A.L.R. 4th 1147 (1980), which suggest that such constitutionally impermissible discrimination may result from application of the doctrine of necessaries against husbands, if the wife is not held equally liable for debts incurred by the other spouse.

We conclude that the broad constitutional issue tendered in this court has not been properly preserved for review. Constitutional issues must be raised at the earliest opportunity and must thereafter be preserved for review. *Christiansen v. Fulton State Hospital*, 536 S.W.2d 159, 160[1, 2] (Mo. banc 1976). No details of the transaction appear in the record; no findings were requested and none were volunteered. We simply cannot determine what law was applied by the trial court. On the papers laid before us, it does not affirmatively appear that any constitutional issue was raised in the trial court before the motion for new trial was filed. On this record, no court should attempt to resolve a constitutional question.

We would be in doubt of our jurisdiction, had the question tendered been properly preserved. It is true, as the defendant argues, that the Court of Appeals has jurisdiction of a case which requires only the application of settled constitutional principles. *Champlin Petroleum Co. v. Brashears*, 592 S.W.2d 545, 548 (Mo.App.1979).

Nevertheless, the doctrine of "necessaries" emanated from our Supreme Court. See *Wilt v. Moody*, 254 S.W.2d 15, 19 (Mo. 1953). This court is most certainly in no position to overrule that court. *Estate of Seabaugh*, 654 S.W.2d 948, 957 (Mo.App. 1983). No statute is involved here, but we do not agree that a decision would involve only "application" as distinguished from "construction" of Mo. Const. Art. I, § 2. However that may be, the only issue tendered is a constitutional issue, and because that issue is not properly preserved, transfer to the Supreme Court is unnecessary. Cf. *State v. Hyde*, 682 S.W.2d 103, 106 (Mo.App.1984). Accordingly, the judgment is affirmed.

PREWITT, P.J., and HOGAN and FLANIGAN, JJ., concur.

MAUS, J., recused.