**Vincent J. GERMANESE and Arthur Sitton, a co-partnership d/b/a Germanese & Sitton Public Accountants, Plaintiffs-Respondents,**

v.

**Melvin N. CHAMPLIN and Geneva J. Champlin, his wife, Defendants-Appellants.**

No. 36792.

Missouri Court of Appeals, St. Louis District, Division One.

July 6, 1976.

Rehearing Denied Aug. 18, 1976.

Daniel H. LeGear, Jr., Clayton, for defendants-appellants.

Amelung, Wulff & Willenbrock, Stephen D. Hoyne, St. Louis, for plaintiffs-respondents.

WEIER, Presiding Judge.

Melvin N. Champlin and Geneva J. Champlin appeal from the judgment of the Circuit Court of St. Louis County overruling and dismissing their motion to set aside a default judgment entered against them by that court.

The pertinent facts leading up to the original default judgment follow. Plaintiffs Vincent J. Germanese and Arthur Sitton are certified public accountants. They filed suit in the circuit court of St. Louis County on August 14, 1971, seeking to obtain a judgment for accounting services they allegedly rendered defendants. The petition asserted that the defendants, who were then residing in Nevada, were subject to the jurisdiction of the circuit court under Missouri's "long arm" service statute, § 506.500, RSMo.1969, because defendants had contracted with plaintiffs in Missouri to do the accounting services and because the transaction of business for the accounting services was rendered in Missouri.

A summons for personal service outside Missouri on both defendants was issued on August 18, 1971. The sheriff of Clark County, Nevada made a return on October 6, 1971. The return and accompanying affidavit of service was signed by Daryl L. Murray, Deputy Sheriff, and stated that Geneva J. Champlin was personally served at 1212 South 8th Place, Las Vegas, Nevada, on August 26, 1971. The summons was returned unexecuted as to defendant Melvin N. Champlin. An alias summons on Melvin N. Champlin was then issued on

February 24, 1972. The accompanying affidavit of service was signed by B. W. Perkins, Deputy Sheriff, stating that Melvin N. Champlin was personally served on March 8, 1972 at 1212 South 8th Place, Las Vegas, Nevada.

On June 24, 1972 the clerk of the circuit court received a letter from Melvin N. Champlin which referred to the case by court number. He asked for a delay in placing the case on the docket until after the 1st of August, 1972 because of his work as project manager for a large construction company. He indicated that he could not appear to answer the petition before this date because it would jeopardize his position. Default and inquiry was granted as to defendant Geneva J. Champlin on June 26, 1972 and default and inquiry was granted as to defendant Melvin N. Champlin on August 15, 1972. The last order set the case as to both defendants on August 29, 1972. On this last date, plaintiff Vincent Germanese appeared in court and testified the balance due his firm on account for services rendered to the defendants was $4,425.50. Judgment was entered for this sum together with $563.26 interest. Nothing further was heard from the defendants until after plaintiffs attempted to register this judgment in Kansas on March 14, 1973. Then, on May 3, 1973, defendants filed a motion to set aside the default judgment reciting that they had not been personally served in the State of Nevada, nor had they appeared in the action. They further stated that they had a good defense to the action in that the plaintiffs were alleged to have negligently rendered the accounting services to defendants' damage. Accompanying the motion was a joint affidavit of the defendants attesting that neither defendant was personally served. Geneva Champlin averred that she never saw a copy of the summons and petition allegedly served upon her August 26, 1971. Melvin N. Champlin stated that he was not personally served on March 8, 1972, but that a copy of the summons and petition was left with a baby-sitter at his residence on the date in question. Also filed at a later time was an affidavit of Beverly W. Perkins, Deputy Sheriff, stating that the sheriff's department received the summons with petition on the 23rd of August, 1971, with instructions to serve the papers upon Melvin N. Champlin, defendant, and that service was effected by "leaving a copy of said Summons and Petition with an unidentified person of suitable age, residing at the residence of Defendant."

Plaintiffs filed a motion to dismiss the defendants' motion to set aside the default judgment on August 26, 1974. The matter was called on December 12, 1974, and submitted to the court after argument. On December 30, 1974 the court overruled and dismissed defendants' motion to set aside the default judgment.

■ Since the motion to set aside the judgment depended for its validity on facts outside the record, we treat it as though it were an application for a writ of coram nobis. *Casper v. Lee*, 362 Mo. 927, 245 S.W.2d 132, 141[28] (banc 1952); *Simms v. Thompson*, 291 Mo. 493, 236 S.W. 876, 880[1–4] (banc 1922).

The Missouri "long arm" statute authorizes extraterritorial service of process to subject a non-resident to the jurisdiction of the courts in this state in any cause of action arising out of certain enumerated acts set out in § 506.500, *supra*. The method of service required at the time that this case was filed and service of process had, was personal service upon a defendant through a court of record or court officer of the place where defendant could be served. § 506.510, RSMo.1969.[1]

■ Both here and in the court below defendants have contended that the circuit court should have considered the affidavits setting forth facts which impeached the Nevada sheriff's return of service; and further, that it should have inquired as to whether it had authority to render a per-

1. This requirement has since been changed by court rule to authorize service out of state in any manner which is proper within the State of Missouri. Rules 54.07, 54.14 (effective September 1, 1973).

**112**

sonal judgment against the defendants when there was no personal service upon them. Instead of deciding the question on that basis, the court decided that the verity rule as set forth in *Underwood v. Underwood*, 463 S.W.2d 915, 917[1] (Mo.1971) applied and the return of the Nevada sheriff on service of process could not be questioned. It is true that on service in Missouri by a sheriff within his venue, a return of service regular on its face cannot be questioned by collateral attack. If the return is in fact false, the defendants' remedy is an action against the sheriff on his bond. This is true even if the process served by a sheriff in Missouri comes from another state if that state authorizes service in the manner approved by Missouri. *O'Neill v. Winchester*, 505 S.W.2d 135, 137[3] (Mo. App.1974). The basis for the verity rule is that the sheriff is a sworn officer of this state to whom the law gives credence. The doctrine of conclusiveness, however, does not extend in Missouri to the return of a private person appointed to serve the summons. Likewise, a sheriff of a state other than Missouri, or his deputy, serves process in his state which originates in this state in a private and not in an official capacity. Thus his return does not come under the verity rule. *Williamson v. Williamson*, 331 S.W.2d 140, 144[5–7] (Mo.App.1960). If the rule were otherwise, an affidavit of an officer serving a process in a foreign state would not have been necessary as required by the provisions of § 506.510(3), RSMo. 1969, the same requirement imposed on a private process server in Missouri by § 506.-180(2), RSMo.1969. (See Rule 54.20(b) as to current requirements.)

Here, defendant Melvin N. Champlin, in his affidavit accompanying the motion to set aside the judgment, stated that he was not personally served on March 8, 1972, but that a copy of the summons and petition was left with the baby-sitter at his residence on the date in question. This, of course, indicates that he counters the affidavit of service, signed by B. W. Perkins, Deputy Sheriff, stating that he was personally served on March 8, 1972. The affidavit of Beverly W. Perkins, later filed with the

court on November 14, 1974, stated that service was effected by leaving a copy of the summons and petition with some person of suitable age residing at the residence of defendant and would seem to sustain defendant Champlin's affidavit except for the fact that reference in this affidavit was made to a summons and petition received on August 23, 1971 which had been returned by the sheriff unexecuted as to Melvin N. Champlin. But, irrespective of whether Melvin N. Champlin was personally served or whether the papers were left with a baby-sitter at his residence, by his own action in writing the court and requesting a delay in placing the case on the docket until after August 1, 1972, he effectively entered his appearance in the case and subjected himself to the jurisdiction of the court. Where a court has jurisdiction of the subject matter of the action, jurisdiction over the person of any party may be conferred by consent. Irregularities in process or even absence of process may be cured by the express or implied consent of the party to the litigation. *Bennett v. Shaul*, 318 S.W.2d 307, 309[4] (Mo.1958). With the exception of an objection to the jurisdiction over the subject matter, if a party takes any action in a case which recognizes the case as being in court, this will amount to a general appearance. Thus, where he seeks relief he necessarily assumes the attitude that the jurisdiction of the court has been acquired and, having taken that position, he is bound thereby and will not be heard afterwards to say otherwise. *State ex rel. A.M.T. by F.W.T., Her Natural Guardian, F.W.T. and L.T., Relators v. Weinstein*, 411 S.W.2d 267, 273[8] (Mo.App.1967). Affirmative action was taken by Melvin N. Champlin when he requested a delay in placing the case on the docket. He thus entered his general appearance and became subject to the jurisdiction of the court. Inaction after that time on his part is good reason to refuse his application to set aside the judgment.

We turn to the motion of Geneva J. Champlin to set aside the judgment. The verified return of service by the deputy sheriff indicates that she was personally

served in Nevada by Daryl L. Murray, Deputy Sheriff, on August 26, 1971. This was countered by her affidavit accompanying the motion to set aside the judgment wherein she stated that she had not been personally served and had never seen a copy of the summons and petition allegedly served upon her that date. Where, as here, an affidavit accompanies a motion and presents facts not appearing of record, the court may consider the affidavit and may hear the matter on the affidavits presented by the respective parties. The court may also direct that the matter be heard wholly or partly on other testimony or depositions. Rule 55.28. See also *Litzinger v. Pulitzer Publishing Company*, 356 S.W.2d 81, 87[2] (Mo.1962). The court, by its order, however, determined that the verity rule applied and therefore did not even consider the affidavit of the defendant Geneva J. Champlin when the motion to set aside the default judgment was overruled.

Under the circumstances of the case, the court should have set the motion down for hearing and should have allowed Geneva J. Champlin to have introduced evidence with regard to the true facts of service upon her, or any other facts which would prove lack of jurisdiction of her person as alleged in her motion. Plaintiffs should have had the concurrent right to refute her charges and support the return of process. The issue could then have been resolved by a determination of the facts.

The judgment of the trial court on the motion to set aside the default judgment is affirmed as to the defendant Melvin N. Champlin and reversed and remanded as to the defendant Geneva J. Champlin. Costs are taxed one-half against the plaintiffs and one-half against the defendant Melvin N. Champlin.

McMILLIAN and RENDLEN, JJ., concur.