All concur, except TITUS and GREENE, JJ., recuse.

Roy H. GREEN and Florence Green, his wife, Plaintiffs-Respondents,

v.

Denny WOODARD and Glenda Marler, Defendants-Appellants.

No. 10805.

Missouri Court of Appeals,
Southern District,
Division Three.

Oct. 4, 1979.

Jasper N. Edmundson, Glenn E. Easley, Hyde, Purcell, Wilhoit, Edmundson & Merrell, Poplar Bluff, for defendants-appellants.

Daniel L. Moody, Van Buren, for plaintiffs-respondents.

HOGAN, Judge.

In this action for rent and possession, defendants filed a counterclaim praying specific performance of an option to purchase the demised premises. The trial court found that the option had not been properly exercised and refused to order specific performance. The optionees appeal.

The record shows that on April 10, 1973, plaintiffs demised a 90-acre parcel of realty to one Oscar Marler and defendant Denny Woodard for a term of four years. The property has been developed; plaintiff Florence Green described it as a " . . . truck stop [including] [a] restaurant [and] motel." The rent reserved was payable quarterly at the Winona Savings Bank, which held a first deed of trust against the property. The lease contained a "continuing and irrevocable" option to purchase which was subject to acceptance at any time during the term of the lease. The lease provided that "the word lessee, optionee, or buyer shall include the heirs, executors, administrators, successors or assigns of the lessee . . . ."

Oscar Marler died in June 1975. It is inferable that his widow, defendant Glenda Marler, continued to operate the truck stop after his death, but the relationship between the lessors and the lessees began to deteriorate, the January 1976 payment was late, and on May 14, 1976, the plaintiffs instituted an action for rent and possession in the Magistrate Court of Carter County. The record recites that the defendants filed a general denial, that the cause was tried in magistrate court and was thereafter appealed to the Circuit Court of Carter County. On October 14, 1976, the defendants filed an answer and counterclaim in the circuit court. The counterclaim is pleaded in two counts. Count One avers the existence of the option to purchase, the lawful exercise thereof, and the lessees' failure to perform, i. e., convey the premises. The prayer of Count One of defendants' counterclaim, as material, is that:

" . . . the plaintiffs be ordered to immediately convey to the defendants the property referred to herein upon the defendants [sic] complying with the provisions of said agreement. In the event the plaintiffs refuse to do so, that the Court enter its order directly conveying to the defendants the property referred to herein upon defendants [sic] compliance with provisions of said agreement. Further, that the Court enter judgment for the defendants and against the plaintiffs in the amount of $5,000.00 for damages . . . as recited herein. . . ."

Thereafter, the plaintiffs filed certain responsive pleadings, but they are not germane to the appeal.

On June 10, 1977, the cause was called for hearing. The trial court noted that the magistrate court had ruled in favor of plaintiffs on their action for rent and possession. Some discussion and argument followed, a false start was made, and finally, the parties agreed to limit the trial to Count One of defendants' counterclaim. Evidence was heard; the trial court found against defendants Woodard and Marler. The judgment on Count One of the counterclaim was made final and appealable.

It is elementary that this court has the duty to inquire into its jurisdiction of an appeal, whether or not the parties have done so. *Pollard v. David,* 421 S.W.2d 296 (Mo.1967); *Engel Sheet Metal Equipment v. Shewman,* 301 S.W.2d 856, 859[1] (Mo.App.1957). Further, it must be borne in mind that a court of general jurisdiction, when engaged in the exercise of a special statutory power, is confined strictly by the statute, and in exercising such power is a court of limited jurisdiction. *Randles v. Schaffner,* 485 S.W.2d 1, 3[6] (Mo.1972); *State ex rel. Kansas City v. Public Service Commission,* 362 Mo. 786, 797, 244 S.W.2d 110, 117[17] (1951).

A comparison of the averments of plaintiffs' petition filed in magistrate court with the allegations required by § 535.020, RSMo 1969, V.A.M.S., now repealed, leave us in no doubt that plaintiffs intended to institute an action for rent and possession, as authorized by former Chapter 535, RSMo 1969, V.A.M.S. The defendants filed a general denial. The record suggests they may have tried to put title in issue before the magistrate, but if they did, it is clear they did not file the detailed statement in writing required by former § 517.330 to enable the magistrate to certify the cause to the Circuit Court of Carter County. See *McNeill v. McNeill,* 456 S.W.2d 800, 806–807 (Mo.App.1970). Rather, the cause came to the circuit court by way of *appeal*; and upon trial the circuit court was not exercising its usual nisi prius jurisdiction but was exercising the special appellate jurisdiction conferred upon it by former §§ 512.270, 512.280 and 512.290. Putting the matter differently, we are concerned with rights *on appeal,* and Rule 81.01, V.A.M.R., in terms states the right of appeal shall be as provided by law. The controlling laws—former §§ 512.270, 512.280 and 512.290 and their predecessors—have been consistently held to mean that on appeal from magistrate court, the circuit court acquires only such jurisdiction as the magistrate had and in effect sits as a magistrate. Moreover, the circuit court is limited to the very issues tried in magistrate court; no new or different action could be tried in the circuit court, no counterclaim could be pleaded and no new item could be added to the original claim—here, the claim for rent and possession. *Bridge Development Company v. Vurro,* 519 S.W.2d 321, 325 (Mo.App.1975); *Swetnam v. U.S. By-Products Corporation,* 510 S.W.2d 829, 831 (Mo.App.1974); *Mumford v. Sutton,* 476 S.W.2d 141, 143 (Mo. App.1972).

By statute, magistrates had no jurisdiction of any action involving title to real estate nor any jurisdiction of any strictly equitable proceedings. Section 482.100, RSMo 1969, V.A.M.S., now repealed. In Count One of their counterclaim, defendants clearly sought specific performance of the option to purchase the demised premises. Specific performance is a wholly equitable remedy governed by equitable principles. *Hoover v. Wright,* 202 S.W.2d 83, 86[2] (Mo.1947); *McDown v. Wilson,* 426 S.W.2d 112, 117–118[3] (Mo.App. 1968). Such relief as defendants sought in damages was merely ancillary to the equitable relief. *Arnold v. Smith,* 436 S.W.2d 719, 724 (Mo.1969). Further, an action for specific performance involves "title to real estate." Cf. *Domyan v. Dornin,* 356 S.W.2d 70[1] (Mo.1962).

It follows that the circuit court was wholly without jurisdiction to hear and adjudicate Count One of the defendants' counterclaim; the judgment appealed from is void. This court can acquire no jurisdiction from a void judgment or order except jurisdiction to determine the invalidity of the order or judgment appealed from and to dismiss the appeal. *Kansas City Sanitary Co. v. Laclede County,* 307 Mo. 10, 14–15, 269 S.W. 395, 397[2][3] (banc 1925); *Ross v. Conco Quarry, Inc.,* 543 S.W.2d 568, 571[2] (Mo.App.1976). Accordingly, the appeal is dismissed.

All concur.