TARSNEY LAKES HOMES ASSOCIA-TION, INC., Plaintiff-Respondent,

v.

Jerry JOSEPH, Defendant-Appellant.

No. WD 31338.

Missouri Court of Appeals, Western District.

May 4, 1981.

Rehearing Denied Aug. 4, 1981.

Milton B. Edmonson, Greenwood, for defendant-appellant.

Richard S. Hoffman, Blue Springs, for plaintiff-respondent.

Before KENNEDY, P. J., and SHANGLER and SOMERVILLE, JJ.

PER CURIAM.

Tarsney Lakes Homes Association, Inc., after a court-tried trial had judgment against defendant Jerry Joseph for three years' unpaid Association assessments in the amount of $72 plus interest, and defendant Joseph has appealed.

Tarsney Lakes Homes Association, Inc., is a not-for-profit corporation incorporated under Chapter 355, RSMo 1978. The stated purposes of plaintiff corporation include the furnishing of various services to the homeowners of the Tarsney Lakes subdivision of Jackson County. The services include, among others, snow removal, care of shrubs, trees and grass, lighting, and trash and garbage disposal, in the public areas of the subdivision and includes also the maintenance of a dam and lake in the subdivision.

Defendant Joseph and his wife acquired lots in Tarsney Lakes subdivision in 1971 and have resided there since that time.

The Association, by vote of its membership, has levied against its members an annual assessment of $24, apparently for all

the years that defendant Joseph has lived there. For the three years before trial defendant Joseph had not paid his assessments. Apparently these were assessments which were due on July 1 of 1976, 1977 and 1978 respectively. Plaintiff corporation, presuming that defendant Joseph was a member and subject to assessment, filed the instant action for the collection of the assessments.

■ Defendant on this appeal challenges the authority of Tarsney Lakes Homes Association, Inc., to make the assessments. He argues that the articles of association of a voluntary association called Tarsney Lakes Home Association, predecessor of the plaintiff corporation, which specifically provided for such an assessment, was never effectively adopted by the plaintiff corporation. Defendant claims that since the articles of incorporation of plaintiff corporation do not specifically give the power to make such an assessment and since, as he argues, the articles of association of the predecessor unincorporated association were never effectively adopted, the corporation does not have the power to make the assessments. He does not consider that the assessment power might come from some other source.

The power of the corporation to make assessments against its members, however, does not depend upon its having adopted the association articles specifically giving it the power to do so. Sec. 355.090(15), RSMo 1978, gives to a not-for-profit corporation formed under Chapter 355 the power "to have and exercise all powers necessary or convenient to effect any or all of the purposes for which the corporation is organized". The furnishing of services to the Tarsney Lakes subdivision residents, the declared purposes for which the corporation was organized, plainly required money. The corporation had the power under the above statute to obligate its members for the payment of assessments for that purpose. It was not necessary for the power to be reserved in the articles of incorporation. Sec. 355.045.2, RSMo 1978.

■ Defendant's membership in the Association is shown by the following evidence:

Defendant and his wife bought their Tarsney Lakes property in 1971 and have occupied the same since that time. Defendant testified he was a member of the Association and was active in Homes Association activities. He was a director for some period of time. Until the last three years he had paid his assessments, except for the time he was a director. During that period he was excused from the payment of assessments. He attended Homes Association meetings.

As stated earlier, he has not paid his assessments for the last three years. There is no evidence he ever undertook to resign or withdraw from membership. The nonpayment of dues does not *ipso facto* terminate membership. 6 Am.Jur.2d, Associations and Clubs, § 26 (1963). In fact, defendant continued to attend some Homes Association meetings even during the period of his delinquency. The evidence thus sustained a finding that defendant was a member of the Association during the period for which assessments are claimed to be owing.

Defendant continued also to own and occupy his Tarsney Lakes property during the period in question, and thus was the beneficiary of whatever services the Homes Association provided. See *Long v. Huffman,* 557 S.W.2d 911 (Mo.App.1977). Defendant himself claimed that there were no services furnished by the Association, but there was testimony that a Homes Association clubhouse was maintained, and that some vapor lights and some road work were furnished by the Association.

■ Defendant further argues that the trial court's judgment is in error in undertaking to make the unpaid assessments a lien upon his Tarsney Lakes property. He points out that the property is owned by himself and his wife as tenants by the entirety, and that his wife is not a party to the action and therefore the court's judgment cannot impress or enforce a lien for the unpaid assessments. He argues also that the burdens of the "Tarsney Lakes Homes Association declaration", referred to earlier, and those of a "declaration of restrictions" (a restrictive covenant restrict-

ing the use of certain Tarsney Lakes lots filed in 1947), are not covenants running with the land, and hence that the strictures of those two documents have not followed the land into his hands. Both these arguments assume that the judgment of the court has made the judgment a lien upon the land. It has not done so, and so we do not need to deal with these two arguments of defendant. The judgment of the court is nothing but an *in personam* judgment against the defendant Joseph for $72 plus interest.

Defendant complains of the court's adverse ruling upon his counterclaim for a declaratory judgment. The case originated by the plaintiff's filing a petition in the associate circuit court division. Upon trial before an associate circuit judge, judgment was given for the plaintiff. Defendant appealed to the circuit court where the case was tried *de novo*. The circuit court, on an appeal from a judgment of the associate circuit judge, could not entertain a counterclaim for declaratory judgment which presented a new case. *Green v. Woodard*, 588 S.W.2d 522 (Mo.App.1979); §§ 512.280, 512.290, RSMo 1978.

The judgment is affirmed.