George **BEILSTEIN** and Lorraine Beilstein, Plaintiffs-Appellants,

v.

James K. **ALLEN**, Donna Allen, and West Quincy Auto Auction, Inc., a corporation, Defendants-Respondents.

No. 41726.

Missouri Court of Appeals, Eastern District, Division One.

May 5, 1981.

Charles L. Hickman, Mitchell, Meade & Hickman, Palmyra, for plaintiffs-appellants.

Thomas J. Deveny, Brown & Phillips, Edina, for defendants-respondents.

STEPHAN, Presiding Judge.

Plaintiffs George and Lorraine Beilstein obtained a judgment against defendants Jack K. and Donna Allen and West Quincy Auto Auction, Inc. in the sum of $1,128.00 for rent due to them on a lease of business premises to defendants. The court ordered a setoff to defendants of $1,000.00 on their counterclaim for breach of the lease covenant to provide gravel to the premises. From this judgment plaintiffs appeal. We reverse.

On January 27, 1976, plaintiffs leased business premises consisting of two buildings and a parking area located in Marion County to defendants. The lease was for an initial two year term starting on March 1, 1976, and was automatically renewable for four additional two year terms unless either party terminated it by written notice twenty days prior to its expiration. The rent was $1,000.00 per month for the first six months and $1,200.00 per month thereafter, all payments being due on the first day of the month. The lease granted defendants a right to purchase the property at a fixed sum; and, in the event that defendants did purchase, the rent was to be abated on the date the purchase price was payable. Plaintiffs agreed to clear the premises, to furnish gravel on the parking area, to repair the living quarters in one building, to repair and maintain the roof, exterior walls and glass and to "have overhead doors, furnaces, water system, air conditioners, hot water heater and all drains" in working order.

Defendants took possession and eventually exercised their right to purchase. They sent proper notice to plaintiffs indicating

that they wished to complete the sale on March 29, 1978, and the sale was completed on that date. The rent for the period from March 1, 1978, through March 28, 1978, was never paid although defendants demanded it.

Plaintiffs filed suit to recover the rent due for March, 1978,[1] in the magistrate court. Defendants filed an answer and counterclaim in two counts on August 31, 1978. The answer was a general denial. Count I of the counterclaim alleged that plaintiffs breached their agreements to furnish gravel, to repair the roof and four windows, and to put an air conditioner and the drains in working order. They claimed damages in the amount of $8,415.64. Count II alleged slander and sought $50,000.00 actual damages and $25,000.00 punitive damages.

On September 26, 1978, the counterclaim was dismissed because it exceeded the magistrate court's jurisdiction;[2] because defendants had not verified its allegations, the counterclaim could not be certified to the circuit court pursuant to § 517.240(3), RSMo 1969.[3] Subsequently, on November 28, 1978, judgment was entered in favor of plaintiffs for $1,122.58. Defendants appealed to the circuit court on December 5, 1978, where they were allowed to refile their counterclaim alleging the same counts that they alleged before the magistrate court. The circuit court allowed defendants to proceed on Count I as if they had pleaded a defense to plaintiffs' petition. Nevertheless, the court struck Count II, noting that the magistrate court did not have jurisdiction over the cause pursuant to § 482.100[4] and that, because circuit court jurisdiction derived from that of the magistrate court, the circuit court did not have jurisdiction. Judgment was then entered for plaintiffs but setoff on Count I for plaintiffs' failure to provide adequate gravel was allowed to defendants.

Plaintiffs raise four issues attacking the actions of the trial court at stages of the proceedings leading to judgment: (1) denial of plaintiffs' motion to dismiss defendants' counterclaims and setoffs; (2) allowing defendants to file the counterclaim; (3) allowing evidence to support the counterclaim; and (4) allowing setoff in the judgment. Because all issues are based on the same statutory sections, we will treat the four issues together for the sake of brevity.

Plaintiffs contend that the circuit court lacked jurisdiction to consider the counterclaim and setoff sought by defendants. As noted above, Count I of defendants' counterclaim in the magistrate court sought recovery in the sum of $8,415.64. This amount exceeded the jurisdictional limits of the magistrate court. Section 482.090(2), RSMo Supp.1976. Count II was an action for slander. The magistrate court did not have subject matter jurisdiction over an action for slander. Section 482.-100(2), RSMo 1969. The fact that slander was raised in a counterclaim rather than by petition is immaterial. See *Bauer v. Rutter,* 256 S.W.2d 294, 295 (Mo.App.1953). The magistrate court properly dismissed the defendants' counterclaim.

1. The record on appeal does not indicate the date on which the plaintiffs' petition was filed.

2. Section 482.090, RSMo Supp.1976, established that the monetary jurisdiction of the magistrate court was not to exceed five thousand dollars.

3. Section 517.240(3), RSMo 1969: "If any defendant pleads any counterclaim or setoff which exceeds the jurisdiction or is not within the jurisdiction of the magistrate court wherein the cause is pending, more than twenty days after the return date of the summons, or if any defendant pleads any counterclaim or setoff within such period and timely, but fails to verify the same, or fails to pay the costs of certifi-

cation within the time provided, or fails to satisfy the magistrate thereof, then the counterclaim or setoff shall be dismissed without prejudice by the magistrate of his own motion, and shall not be refiled in the magistrate court."

4. Section 482.100(2), RSMo 1969: "No magistrate shall have jurisdiction to hear or try any action against any executor or administrator, nor of any action of slander, libel, malicious prosecution or false imprisonment, nor of any action where the title to any lands or tenements shall come in question and be in issue, nor of any strictly equitable proceedings."

■ The circuit court's jurisdiction on appeal from the magistrate court was not original (nisi prius) but rather was wholly derivative, *American Life & Accident Ins. Co. v. Morris*, 281 S.W.2d 601, 603 (Mo.App. 1955), and existed only by virtue of the statutes.[5] Sections 512.270, 512.280, 512.-290, and 512.300, RSMo 1969, now repealed. Thus, the circuit court acquired only the jurisdiction possessed by the magistrate court. *Bridge Development Co. v. Vurro*, 519 S.W.2d 321, 325 (Mo.App.1975); *Swetnam v. U.S. By-Products Corp.*, 510 S.W.2d 829, 831 (Mo.App.1974); *Joyce v. Central Surety & Ins. Corp.*, 321 S.W.2d 272, 274 (Mo.App.1959). The circuit court was limited to the issues tried in the magistrate court. *Green v. Woodard*, 588 S.W.2d 522, 524[3] (Mo.App.1979). The issues in Counts I and II of defendants' counterclaim were not tried in the magistrate court. They could not be tried in the circuit court regardless of whether the circuit court chose to view them as "defenses" or as a counterclaim. Because the circuit court had no jurisdiction over the counterclaim, its judgment ordering setoff was invalid. See *Western Oil & Gas Co. v. O'Dell*, 115 S.W.2d 134, 135 (Mo.App.1938).

Judgment of setoff reversed and the circuit court ordered to enter judgment in accordance with this opinion.

DOWD and STEWART, JJ., concur.

---

**5.** The circuit court's jurisdiction on appeal is different from its jurisdiction following certification from the magistrate court. See *Mumford v. Sutton*, 476 S.W.2d 141 (Mo.App.1972); *State ex rel. Royal Globe Ins. Co. v. Swink*, 469 S.W.2d 881 (Mo.App.1971).