Rafael P. MILLER, Plaintiff-Respondent,

v.

Mr. & Mrs. James MOSER, Defendants-Appellants.

No. 14452.

Missouri Court of Appeals, Southern District, Division One.

June 11, 1986.

W. Robert Cope, Summers, Cope and Walsh, P.C., Poplar Bluff, for defendants-appellants.

Rafael P. Miller, pro se.

FLANIGAN, Judge.

Plaintiff Rafael Miller, who has appeared pro se throughout this action, commenced it in the small claims court against defendants Mr. and Mrs. James Moser. Plaintiff's claim sought $480 for services performed by plaintiff on April 2, 1984, in moving household goods of defendants. In their answer, filed in the small claims court, defendants alleged "that they have been assigned from the Bank of Poplar Bluff, a promissory note due from plaintiff to the said bank in the original amount of $4,000, dated July 22, 1983, and that there is still an outstanding balance due on said note of $3,900 principal plus accrued interest since June 5, 1984, and that as a result of the said defendants now holding said note they are entitled to a setoff in the full amount due to plaintiff."

The small claims court entered judgment in favor of plaintiff and against both defendants for $480 and costs. The judgment stated: "Defendants' setoff has been denied."

Defendants filed an application for trial de novo. On trial de novo a judgment was entered on July 3, 1985, which awarded plaintiff $480 on his petition. The judgment also dismissed "defendant's counterclaim without prejudice as it is a counterclaim that could not be prosecuted in the small claims case since the defendant is the assignee of the claim and § 512.290 [1] prohibits the counterclaim from being pleaded in the trial de novo." Defendants appeal.

Defendants' first point reads: "The circuit court erred in citing § 512.290 as grounds for dismissal of defendants-appel-

lants' counterclaim in that [§ 512.290] only prohibits a setoff if it was not pleaded before the associate circuit judge, whereas in this case defendants did plead their setoff before the associate circuit judge."

Defendants' second point reads: "The circuit court erred in failing to award defendants-appellants a setoff in the amount sought against plaintiff's claim in that the requested setoff consisted of a liquidated debt which plaintiff admitted owing and which the court found to have been assigned to defendants-appellants." The two points will be considered together.

Art. V, § 14(b), Const. of Mo., reads: "Procedures for the adjudication of small claims shall be as provided by law." Chapter 482 RSMo deals with small claims courts. Rules 140 through 155 "govern all civil actions filed in the small claims court."

Section 482.330.1 reads, in pertinent part:

"1. No claim may be filed or prosecuted in a small claims court by a party who:

(1) Is an assignee of the claim; ...

3. Nothing in this section shall prohibit the filing or prosecution of a counterclaim growing out of the same transaction or occurrence."

Rule 146.01 reads, in pertinent part: "No claim may be filed or prosecuted in a small claims court by a party who is an assignee of the claim.... A counterclaim not arising out of the same transaction or occurrence as plaintiff's claim shall be counted as a 'claim.'"

■ Defendants' "counterclaim" or "setoff," based on the bank's assignment of the note to defendant James Moser, did not grow out of the transaction or occurrence which was the subject of the plaintiff's claim, that is the moving of the household goods on April 2, 1984. Accordingly, the counterclaim could not be "filed or prosecuted" in the small claims court because defendant James Moser was an assignee of

1. All references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

the claim and it did not arise out of the April 2, 1984 transaction.

Section 482.365.2 reads: "Any person aggrieved by any final judgment entered by a small claims court in a small claims proceeding, except a judgment by consent, may have a trial de novo as provided in §§ 512.180 to 512.320 RSMo." To the same effect see Rule 154.01.

Section 512.280 reads, in pertinent part: "The same cause of action, *and no other*, that was tried before the associate circuit judge, shall be tried before the judge upon the trial de novo." (Emphasis added.)

Section 512.290 reads: "In cases wherein the summons shall be personally served on the defendant, no setoff nor counterclaim shall be pleaded in the trial de novo proceedings that was not pleaded before the associate circuit judge."

■ Defendants' brief neither challenges nor mentions that portion of the judgment of July 3, 1985, which stated that "the counterclaim [2] could not be prosecuted in the small claims case since the defendant is the assignee of the claim." That statement is correct. The counterclaim, under the foregoing statute and rules, could neither be filed nor prosecuted in the small claims court. That being so, it could not properly be said that the counterclaim was "tried" in the small claims court and, since it was not so tried, it was not triable upon the trial de novo. § 512.280 and § 482.365.2, supra.

As stated in *Swetnam v. U.S. By-Products Corporation*, 510 S.W.2d 829, 831 (Mo.App.1974), the jurisdiction of the de novo court "is wholly derivative.... On appeal from a lower court the appellate court has no greater jurisdiction than the lower court. It is a basic premise of appellate procedure that an appellate court's jurisdiction cannot exceed that of the court from which the appeal is taken." To same effect see *Beilstein v. Allen*, 616 S.W.2d 140, 143[3] (Mo.App.1981); *Bridge Development Co. v. Vurro*, 519 S.W.2d 321, 325 (Mo.App.1975). See also *McMenamy v. Main*, 686 S.W.2d 874, 876[4] (Mo.App. 1985).

Defendants' first point is invalid. The de novo court had no jurisdiction to entertain the counterclaim because the small claims court had no jurisdiction to entertain it. Although the document was physically filed in the small claims court, that filing was a nullity. The counterclaim was not validly pleaded in the small claims court so the language of § 512.290, on which defendants rely, is of no help to them.

Since the de novo court had no jurisdiction to entertain the counterclaim, defendants' second point has no merit.

The judgment is affirmed.

TITUS, P.J., and GREENE, J., concur.

---

2. Defendants' brief uses the terms "counterclaim" and "setoff" interchangeably. Former distinctions between the two were discussed in *Edmonds v. Stratton*, 457 S.W.2d 228, 232 (Mo. App.1970) and *Standard Insulation and Window Co. v. Dorrell*, 309 S.W.2d 701, 704 (Mo.App. 1958). In *Edmonds* it is said that the "former remedy of setoff" is included within the remedy of a counterclaim.