**STATE ex rel. Alice MEANS, Relator,**

**v.**

**The Honorable Alvin C.
RANDALL, Respondent.**

**No. WD 41159.**

Missouri Court of Appeals,
Western District.

Dec. 27, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Jan. 31, 1989.

Before LOWENSTEIN, P.J., and
TURNAGE and COVINGTON, JJ.

### ORDER

Lance W. LeFevre, Kansas City, for relator.

Alvin C. Randall, Kansas City, for respondent.

Before SHANGLER, P.J., and NUGENT and FENNER, JJ.

SHANGLER, Presiding Judge.

Our preliminary rule in mandamus issued to command the respondent circuit judge to set aside an order of remand to the associate circuit judge for execution of a default judgment rendered by the small claims court but taken to the respondent circuit judge for trial de novo under § 482.365, RSMo 1986. We determine that a circuit court has no power of remand of a cause vested for trial de novo from a small claims court under chapter 482. Accordingly, our preliminary rule in mandamus is made peremptory.

The pretended order of remand was meant to redress a perceived unfairness in the adjudication by the small claims court of the judgment then before the respondent circuit judge on trial de novo: It meant to restore to small claims plaintiff McKinzy for execution a judgment by default for $1000 entered by the associate circuit judge then set aside "for good cause shown"— but without prior notice to the plaintiff— and then on the evidence of the parties readjudicated as a judgment for the plaintiff for $400.

■ The train of events which culminated in the order of remand is not in dispute.[1] McKinzy as plaintiff made a claim against Means as defendant [relator here] in the small claims court for damages from a collision between their automobiles. The cause was returnable on September 14, 1987 at 9:30 a.m. in the court presided over by associate circuit judge Iannone. Counsel for Means informed the court he represented her, but was required to appear in another division of the court for docket call at the same time, and requested that the hearing be deferred until he performed that concurrent duty and then returned to the Iannone court. The judge agreed, but then inadvertently called the case, found the defendant Means in default and rendered judgment against her for $1000. When counsel returned—that same morning—the misadventure was brought to the attention of the court, and the court instantly set the default judgment aside "for good cause shown" and continued the case to a certain date. The plaintiff McKinzy had by then left the courtroom and did not receive notice of the action of the court until eleven days later.[2] The small claim was thereafter relitigated by the parties before a different associate circuit court judge and a judgment of $400 was entered for the plaintiff. The plaintiff McKinzy made timely application to the circuit court for trial de novo, the cause was renumbered and then assigned to the respondent circuit judge for trial.

---

1. They appear from the untraversed and admitted allegations of the petition in mandamus, the answer, the docket of the associate circuit court, the transcript of the proceedings on the motion of plaintiff McKinzy to remand, and from the other exhibits appended to the pleadings in this court.

2. We mention the exact *eleven day* lapse in the notice to the plaintiff of the action of the small claims court only because the respondent circuit judge argues to this court on mandamus [as the plaintiff McKinzy argued to the circuit judge on the trial de novo] that the want of timely notice deprived McKinzy, as an aggrieved party, of the right to a "trial de novo appeal"—a right

§ 482.365.2 requires an aggrieved party to perfect within *ten days* after the rendition of judgment.

If we assume [as do the arguments] that an order to set aside a default judgment constitutes a "final judgment" under the informal procedures of small claims court chapter 482 and that a party deprived of such a judgment is "aggrieved" and so entitled to resort to trial de novo in the circuit court, as our discussion determines, the claims vest in the de novo court as an original action for an original adjudication and not to review "error" in the small claims judgment process.

The trial de novo plaintiff then moved the respondent "to have the default judgment retroactively reinstated." The motion asserted that the vacation of the default judgment was an exercise under Rule 75.01, that since the rule requires reasonable notice and opportunity to be heard to an affected party, the vacation of the judgment without either propriety renders that order null. The respondent judge entered the order:

> "This cause is hereby remanded to the Associate Circuit Court for execution of the judgment entered in favor of the plaintiff and against defendant in the sum of $1,000.00 on September 14, 1987, by Division 101."

The memorandum of judgment explained:

> "The subsequent order made by the judge of Division 101, without prior notice to plaintiff, was a nullity, and all proceedings thereafter in other Associate Courts were nullities. The judgment is long since a final judgment."

The order of remand, as does the motion which prompted the order, rests on two premises: (1) that the small claims court proceedings are governed by the formal rules of civil procedure applicable to circuit court proceedings, and (2) that the trial de novo entails the review of the small claims court judgment, and hence the power of remand. Neither of the premises is valid.

■ The small claims litigation is governed by chapter 482, and to the extent that associate circuit judges, chapter 517 also impinges, those provisions *in pari materia* as well. *Essner v. Reynolds*, 621 S.W.2d 551, 552 (Mo.App.1981).[3] In all small claims actions, so § 482.310(3) declares, the

> "[p]roceedings shall be conducted in an informal summary manner, and *the formal rules of* evidence and *procedure* shall not apply." [emphasis added]

*See also* § 478.225.5, RSMo 1986. In the exercise of its constitutional power to promulgate rules of procedure and practice, nevertheless, our supreme court issued Rules 140 through 155 [for effect on April 1, 1977] to govern civil actions in the small claims court. Those rules were then superseded [for effect on January 1, 1988] by Rules 140 through 152. The cause before the respondent circuit judge de novo was adjudicated in the small claims court during 1987, so the rules promulgation of year 1977 applies to that proceeding.

There is no rule for notice to a litigant of a judgment or other order rendered by the small claims court in the 1977 promulgation, nor for any procedure comparable to 75.01.[4] *Essner v. Reynolds*, 621 S.W.2d

---

3. The small claims judicial exercise, as are other incidents of associate circuit court adjudications, is also subject to numerous other statutes, some of them duplicated by special provisions of small claims courts chapter 482, as well as by rule. *Cf., e.g.,* § 512.190, RSMo 1986 with § 482.365.2, RSMo 1986 and Rule 151.01.

4. The order by the respondent circuit judge to remand the cause to the small claims court for reinstatement of the $1000 default judgment, as does the motion which invoked that action, rests on the assumption that fundamental fairness requires that Rule 75.01 [and its concomitant of notice to a party adversely affected], or something akin to that rule, be deemed implicit in the small claims court proceedings. Moreover, to come to the rationale of the order of remand that the order of the small claims court to set aside the default judgment—since without notice to the plaintiff—was a nullity as were all subsequent proceedings on the cause in the small claims court, the respondent circuit judge relies on intimations to that effect from *Hoppe v. St. Louis Public Service Co.,* 361 Mo. 402, 235

S.W.2d 347 (banc 1950) and *Caldwell Paint Mfg. Co. v. Lebeau,* 591 S.W.2d 1 (Mo.App.1979).

The hinted suggestions of those decisions that the violation of the notice concomitant of Rule 75.01 denies due process and per se nullifies the judicial action, however, was discountenanced by our supreme court en banc in *Brockhoff v. Leary,* 711 S.W.2d 869, 871[1] (Mo. banc 1986). *See also Todd v. Todd,* 762 S.W.2d 449, 452 (Mo.App.1988). Moreover, the resort to Rule 75.01, even by analogy, contradicts the direction of Rule 140.04 [1977], repromulgated as Rule 140.05 [1988], that: "If no procedure is provided by these rules, the small claims court shall proceed in a manner consistent with the practice and procedure in the associate circuit division in like situations, but not inconsistent with these rules." The formal rules of civil procedure do not appertain in the trial by the associate circuit judges to this small claims proceeding. § 478.225.5, RSMo 1987.

at 553[1–4]. The later 1988 version does require, at Rule 151.02, that

> "[a]t the conclusion of the hearing wherein any judgment is rendered, the judge shall notify the parties present:
>
> "(a) that the judgment will be final unless an application for trial de novo is filed within ten days."

Rule 151.02 was not in effect at the time the cause on trial de novo before the respondent circuit judge was adjudicated in the small claims court, and so does not bear on the issue before us in this mandamus proceeding.[5]

■ Nor does a circuit judge under § 482.365 take a case from the small claims court for "appeal" or review de novo, but for a trial de novo. It takes the case—as any other not heard on the record by the associate circuit judge—for a trial anew of the entire case. *Hloben v. Henry*, 660 S.W.2d 431, 432[1] (Mo.App.1983). *See* Cohen, *Civil Practice Before Associate Circuit Judges Since the Court Reform*, 37 Mo.Bar J. 217, 221 (June 1981). The statute uses de novo in its elemental and literal sense: a hearing anew of the whole case as if no trial whatever had been had in the first instance—an original action in which the evidence is heard anew and on which the de novo court is bound to give a judgment of its own. *Hloben*, 660 S.W.2d at 432[1]; *City of Kansas City, Missouri v. Johnney*, 760 S.W.2d 930, 931 (Mo.App. 1988); *Boyd v. Director of Revenue*, 703 S.W.2d 19, 22 (Mo.App.1986). The statute does not mean, as the respondent circuit judge understands, that the de novo court sits as an appellate court to assess claims of error in the proceedings of the small claims court. *Killeron v. American Bankers Ins. Co. of Florida*, 733 S.W.2d 442, 444 n. 4 (Mo. banc 1987).[6]

Nor, cognately, does the statute confer on the circuit judge de novo the power of remand the order of the respondent pretends to exercise. That order purports to issue as a command of an appeals court to a subordinate court to take the acts directed. *D.E.J. v. G.H.B.* 631 S.W.2d 113, 117[1, 2] (Mo.App.1982). In a word, the order purports to revest jurisdiction in the small claims court—a design wholly alien to the statutory scheme of a trial de novo as an original proceeding in the circuit court. § 482.365; § 512.180.1; Rule 151.

Our preliminary rule in mandamus is made peremptory.

All concur.

■

---

5. What the augury of notice Rule 151.02, now in effect, is for an absent small claims court litigant whose judgment has been set aside without prior notice, we do not say. The notice "that the judgment will be final unless an application for trial de novo is filed within ten days" is due "the parties present." In view of the trial de novo *sequence to a small claims judgment,* we can only surmise that the extreme effect of the violation of Rule 151.02 is to defer the finality of the small claims court judgment until notice of the judicial action is duly accomplished.

6. The causes for the continued confoundment between "appeal" and "trial de novo" in the sequence of associate circuit court and small court claims adjudications to the circuit court remain historical as well as textual. *See Killeron v. American Bankers Ins. Co. of Florida,* 733 S.W.2d at 444 n. 4; *Hloben,* 660 S.W.2d at 432[1] and Cohen, supra, at 221. The trial de novo provisions [§ 482.365] of small claims courts chapter 482 do not allude to that procedure as an "appeal." Rule 154 of the 1977 version of the supreme court rules for small claims courts, nevertheless, ascribes the term "appeal" to the process available to a person aggrieved from a final judgment. The current Rule 151.01, continues to use the superscription "appeal," but more accurately articulates the procedure available to a party aggrieved as "[t]he right of trial de novo." *See* Rules 151.01 and 151.02 (1988).