

# In the Missouri Court of Appeals
# Eastern District

**DIVISION TWO**

| | | |
|---|---|---|
| KNT MANAGEMENT, LLC, | ) | No. ED99981 |
| | ) | |
| Plaintiff/Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Christopher E. McGraugh |
| KIMBERLY FLENOID, | ) | |
| | ) | |
| Defendant/Respondent. | ) | Filed:  January 28, 2014 |

The plaintiff landlord, KNT Management, L.L.C., appeals the judgment entered by the

Circuit Court of the City of St. Louis, awarding the landlord possession of an apartment leased

by the defendant tenant, Kimberly Flenoid, but denying the landlord rent due, costs, and

attorney's fees.   Following a trial *de novo* requested by the tenant, the trial court declined to

award the landlord rent due, attorney's fees, or costs because the court misapprehended the

nature of a trial *de novo* and therefore its authority.  The trial court erroneously declared and

applied the law in ruling that it had only "derivative" jurisdiction and could award no relief

greater than that previously awarded by the associate circuit judge.  Consequently, we reverse the

judgment and remand the cause to the trial court for entry of judgment consistent with this

opinion.

The landlord filed a petition for rent due and possession of the apartment leased by the

tenant.  The petition sought a judgment "for rent through the day of court, other charges as

permitted by statute and restitution of the above premises with costs." The summons was posted on the door of the apartment. The landlord appeared for trial two weeks later, but the tenant failed to appear and did not otherwise file an answer. The associate circuit judge awarded possession of the apartment to the landlord but denied a money judgment. The tenant timely filed an application for trial *de novo* in the circuit court, and posted bond payments of $390 on two occasions, for a total bond posted of $780.

The landlord appeared for the trial *de novo*, but the tenant failed to appear. On February 20, 2013, the trial court issued a judgment for possession of the apartment only, expressly denying a money judgment for rent due, attorney's fees, and costs as requested by the landlord. The stated basis of the trial court's award of possession only was that its jurisdiction was "purely derivative" of that of the associate circuit judge. Since the associate circuit judge had tried only the possession "cause of action," the trial court reasoned that it had jurisdiction to hear only the possession "cause of action" and not a "cause of action" for money damages. Following the landlord's motion for new trial, the trial court issued a second judgment on April 9, 2013. This judgment again denied rent due and other money damages based on the same reasoning, but awarded to the landlord the $780 bond posted by the tenant. The landlord appeals.

In a court-tried case, we will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

The trial court misapprehended the nature of a trial *de novo*, and thus believed that its jurisdiction was "derivative" of that possessed by the associate circuit judge in the original trial. Consequently, the trial court declared that it could hear and consider only the cause of action—namely possession of the apartment—heard and decided by the associate circuit judge in the

2

original trial. The trial court erroneously declared and applied the law. Because it misunderstood the nature of a trial *de novo*, and thus the nature of its jurisdiction, the trial court apparently believed that it could award no relief greater than that awarded by the associate circuit judge.

The associate circuit judge awarded the landlord the remedy of possession of the apartment only, and did not award the remedy of rent due or other money damages, because at that time, the landlord had not obtained personal service on the tenant. Rather, the landlord had achieved service via posting, and the tenant failed to answer or appear and was in default. Section 535.040.1 RSMo. (Supp. 2012)[1] provides in relevant part that "[n]o money judgment shall be granted to the plaintiff if the defendant is in default and service was by the posting procedure provided in section 535.030 unless the defendant otherwise enters an appearance." Thus, at the time of the original trial, the associate circuit judge lacked statutory authority to award a money judgment to the landlord. Section 535.040.1.

With the exception of an objection to subject-matter jurisdiction, however, if a party takes any action in a case that recognizes the case as being in court, this amounts to a general appearance. *Germanese v. Champlin*, 540 S.W.2d 109, 112 (Mo. App. St.L. Dist. 1976). Where a party seeks relief, she necessarily assumes the attitude that the court's jurisdiction has been acquired, and she is bound by that position. *Id.* For example, Missouri courts have held that affirmative action taken by a party constitutes a general entry of appearance when a party writes to the trial court requesting a delay in placing the case on the docket, *id.*, and when a party's attorney enters his appearance and seeks the court's order allowing examination of juvenile files open only to persons having a legitimate interest therein, *State ex rel. A.M.T. v. Weinstein*, 411 S.W.2d 267, 273-74 (Mo. App. St.L. Dist. 1967). In short, the test of a general appearance

---

[1] All statutory references are to RSMo. (Supp. 2012) except as otherwise indicated.

conferring jurisdiction over the person is whether the defendant becomes an actor in the cause. *Id*. at 272.

When the tenant requested the trial *de novo*, she took affirmative action recognizing the case as being in court and seeking relief. She became an actor in the cause. Thus, the tenant "otherwise enter[ed] an appearance" and submitted to the court's jurisdiction. The trial court correctly ruled to this effect in its February 20, 2013 judgment. Given the tenant's entry of appearance, the trial court then had statutory authority to consider a judgment for both rent due and possession of the apartment as prayed for by the landlord. The trial court was not constrained by the judgment for possession of the premises granted by the associate circuit judge.

The trial court indicated that it could not award any relief beyond that awarded by the associate circuit judge because the court believed that its jurisdiction was "derivative." There is no such concept as "derivative" circuit-court jurisdiction in Missouri. Missouri courts recognize two kinds of jurisdiction—subject-matter jurisdiction and personal jurisdiction. *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 252 (Mo. banc 2009). These two kinds of jurisdiction— and the circuit court has only these two kinds—are based on constitutional principles. *Id*. For the most part, personal jurisdiction is a matter of federal constitutional law. *Id*. Today, when a court says it lacks personal jurisdiction, it means that due process prohibits it from affecting the rights and interests of a particular person or entity. *Id*. at 253. *Webb* defined subject-matter jurisdiction as "the court's authority to render a judgment in a particular category of case." *Id*. Article V, section 14 of the Missouri Constitution governs subject-matter jurisdiction, and provides in relevant part that "[t]he circuit courts shall have original jurisdiction over *all* cases

4

and matters, civil and criminal." *Id*. at 253 (emphasis in *Webb*). Thus, we reject the proposition that a circuit court has only "derivative" jurisdiction when conducting a trial *de novo*.

In concluding that it had only "derivative" jurisdiction, the trial court misapprehended the nature of a trial *de novo* and therefore its authority. 535.110 RSMo. (2000) provides in relevant part that applications for trials *de novo* and appeals shall be allowed and conducted in the manner provided in chapter 512. Section 512.180.1 provides in pertinent part that "[a]ny person aggrieved by a judgment in a case tried without a jury before an associate circuit judge . . . shall have the right of a trial *de novo* in all cases tried . . . under the provisions of chapters 482 [small claims], 534 [forcible entry and unlawful detainer], and 535 [landlord-tenant]."[2]

While the caselaw uses the terms "appeal" and "trial *de novo*" interchangeably, it is important conceptually to recognize that section 512.180.1 cases do not involve an "appeal" to the circuit court, but rather, the right to an automatic *new trial* of the *entire* case. *Hloben v. Henry*, 660 S.W.2d 431, 433 (Mo. App. E.D. 1983)(emphases added). The term "trial *de novo*" means "[a] new trial on the entire case—that is, on both questions of fact and issues of law— conducted as if there had been no trial in the first instance." *Black's Law Dictionary* 1512 (7th ed. 1999). The circuit court does not take a case not heard on the record by an associate circuit judge for "appeal" or review *de novo*, but for a trial *de novo*. *State ex rel. Means v. Randall*, 764 S.W.2d 120, 123 (Mo. App. W.D. 1988). It takes such a case for a trial anew of the entire case. *Id*. Section 512.180.1 uses the term "*de novo*" "in its elemental and literal sense: a hearing anew of the whole case as if no trial whatever had been had in the first instance—an original action in which the evidence is heard anew and on which the *de novo* court is bound to give a judgment of

---

[2] We note the contrast in the language of section 512.180.1 with that of section 512.180.2, which provides in pertinent part that in all other contested civil cases tried before an associate circuit judge, a record shall be kept, and any person aggrieved by a judgment rendered in such a case may *appeal* to the appropriate appellate court (emphasis added).

its own." *See id.* (making this observation with regard to section 482.365, chapter 482 actions being covered by the trial *de novo* provisions of section 512.180.1). The statute does not mean that the *de novo* court sits as an appellate court to assess claims of error in the original proceedings before the associate circuit judge. *Id.* Citing section 512.180.1, the *Means* court reiterated that the statutory scheme of a trial *de novo* contemplates an original proceeding in the circuit court. *Id.*

The trial court relied on *Newman v. Weinstein*, 75 S.W.2d 871, 873 (Mo. App. St.L. Dist. 1934), and *McMenamy v. Main*, 686 S.W.2d 874, 876 (Mo. App. E.D. 1985), for the proposition that the court's jurisdiction was merely derivative. The trial court also relied on *Green v. Woodard*, 588 S.W.2d 522, 524 (Mo. App. S.D. 1979), and *Beilstein v. Allen*, 616 S.W.2d 140, 143 (Mo. App. E.D. 1981), for the proposition that it was limited to the precise issues tried before the associate circuit judge, namely possession of the apartment. *Newman*, *Green*, and *Beilstein*, however, are clearly distinguishable. None of these cases involved a trial *de novo* from a trial before an associate circuit judge under the current statutory scheme, but rather an appeal from a justice or magistrate court to the circuit court when such appeals were authorized under prior statutes. *Newman*, 75 S.W.2d at 871; *Green*, 588 S.W.2d at 523; *Beilstein*, 616 S.W.2d at 143; *see also Hloben*, 660 S.W.2d at 432 (explaining that prior to Court Reform and Revision Act of 1978, judgments of magistrate courts could be appealed to circuit court). In addition, the Court's discussion in *Beilstein* relates to the statutory authority possessed by the magistrate court, and consequently by the circuit court in a case on appeal from the magistrate court. 616 S.W.2d at 142-43. It was in the context of an appeal from a magistrate court under a former statutory scheme, wherein the magistrate court lacked statutory authority to hear certain types of claims and claims for money damages above a certain amount, that the Eastern District stated

6

that "[t]he circuit court was limited to the issues tried in the magistrate court." *Id*. Furthermore, our reading of *McMenamy* convinces us that the Court there was speaking of the concept of "jurisdictional competence." *See* 686 S.W.2d at 876. As our Supreme Court clarified in *Webb*, Missouri does not recognize "jurisdictional competence" but only personal and subject-matter jurisdiction. 275 S.W.3d at 252. Thus, following *Webb*, we can no longer accept *McMenamy* as an accurate statement of the law. The cases relied on by the trial court are inapposite.

Here, we do not have an appeal from a justice or magistrate court to the circuit court under a former statutory scheme, but a trial *de novo* in the circuit court. We also do not have a different cause of action than that pleaded and tried before the associate circuit judge, but rather a landlord who, in the new trial, merely sought all remedies available in the same rent-and-possession claim, such being made possible by virtue of the tenant's entry of appearance.

In addition to the foregoing cases, the trial court also cited section 512.280 RSMo. (2000), which states in relevant part that "[t]he same cause of action, and no other, that was tried before the associate circuit judge, shall be tried before the judge upon the trial de novo[.]" This statute restricts the trial *de novo* to "the same cause of action" as the prior action. Obviously, to ascertain whether the present action is "the same cause of action" requires consideration of the prior cause of action. We conclude, however, that this statute exists to prevent abuse of the right to a trial *de novo* by litigants seeking to assert new or distinct causes of action under the guise of a new trial.

This statute's prohibition on changing or adding a cause of action upon a trial *de novo* does not alter our conclusion under the circumstances present here. This is because "rent" and "possession" are not distinct causes of action, but constitute alternative remedies available in a single cause of action pursuant to section 535.040.1 based on the same theory and the same

7

ultimate facts. Although some authority exists stating that rent and possession are distinct actions, *see, e.g., Rouse Co. of Missouri, Inc. v. Justin's Inc.*, 883 S.W.2d 525, 529 (Mo. App. E.D. 1994) and *Cook v. Am. Maint. Co.*, 588 S.W.2d 171, 172 (Mo. App. E.D. 1979), we find this reasoning flawed.

Section 535.040.1 provides in relevant part that upon return of the summons executed, the judge shall set the case for the first available date, and "shall proceed to hear the cause," phrased as a singular noun, and shall render judgment that the landlord recover possession of the premises and also the debt for the rent then due with all court costs. Moreover, rent and possession constitute alternative remedies because they arise from the same underlying operative facts. A "cause of action" is "[a] group of operative facts giving rise to one or more bases for suing; a factual situation that entitles one person to obtain a remedy in court from another person; claim[.]" *Black's Law Dictionary* 214. Conversely, a "new cause of action" is "[a] claim not arising out of or relating to the conduct, occurrence, or transaction contained in the original pleading." *Id*.

We also draw guidance from *S & P Properties, Inc. v. Bannister*, where we held that by resolving the issue of possession alone in the plaintiff's unlawful-detainer action and bifurcating the issue of damages for later determination by a jury, the trial court failed to resolve one claim as to one party. 292 S.W.3d 404, 408 (Mo. App. E.D. 2009). If a petition seeks to enforce only one legal right, then it states only a single claim, even if the petition seeks multiple remedies. *Id*. Here, the landlord sought both rent and possession in its petition. Thus, no party sought to try any different or additional cause of action upon the trial *de novo* in violation of section 512.280 RSMo. (2000), and the trial court's reliance on section 512.280 under these circumstances was misplaced.

The trial court erred in ruling that it had only "derivative" jurisdiction from the associate circuit judge and thus could award no relief greater than what the associate circuit judge had the statutory authority to consider at the time of the original proceeding, given the method of service combined with the tenant's failure to appear. A trial *de novo* contemplates an original proceeding in the circuit court, and the circuit court is bound to give a judgment of its own. *Means*, 764 S.W.2d at 123. The trial court is empowered under its original jurisdiction to award such relief as pleaded in the landlord's petition and proved by the evidence adduced. Therefore, we reverse the trial court's judgment, and remand the cause to the trial court for entry of judgment consistent with this opinion.

_____
LAWRENCE E. MOONEY, PRESIDING JUDGE

ROBERT G. DOWD, JR., J., and
SHERRI B. SULLIVAN, J., concur.

9